### KEENE *v.* THE UNITED STATES.

⎯⎯⎯⎯

The trial of seizures under the act of the 18th February, 1793, " for enrolling and licensing ships or vessels to be employed in the coasting trade and fisheries, and for regulating the same," is to be in the judicial district in which the seizure was made; without regard to the district where the forfeiture accrued.

ERROR to the circuit court of the district of Columbia, in a case of seizure of certain merchandise, being part of the cargo of the schooner Sea Flower, Matthew Keene, claimant, imported from the Havanna, in the island of Cuba, into the port of Vienna, in the district of Maryland, the vessel having sailed on a *foreign* voyage under a *coasting* license. The goods having been landed at Vienna, were transported to Alexandria, in the district of Columbia, where they were seized by the collector of that port, and libelled and condemned in the district court of that district, whose sentence was affirmed by the circuit court.

*Swann* and *Martin*, for the plaintiff in error, contended,

That there was no law which authorized the sei-

zure, or the trial and condemnation out of the district into which the goods had been first imported.

The goods were condemned under the 8th section of the act of congress, " for enrolling and licensing ships or vessels to be employed in the coasting trade and fisheries, and for regulating the same," *passed February* 18, 1793, *vol.* 2. *p.* 174. which enacts, " that if any ship or vessel, enrolled or licensed as aforesaid, shall proceed on a foreign voyage without first giving up her enrolment and license to the collector of the district comprehending the port from which she is about to proceed on such foreign voyage, and being duly registered by such collector, every such ship or vessel, together with her tackle, apparel and furniture, and the goods, wares and merchandise so imported therein, shall be liable to seizure and forfeiture."

By this act the forfeiture arises upon *importation.* The importation was complete at *Vienna*, in the *district of Maryland*, where only the trial can be lawfully had.

By the *35th section of the act*, it is enacted, "that all penalties and forfeitures which shall be incurred by virtue and force of this act, shall and may be sued for, prosecuted and recovered in like manner as penalties and forfeitures incurred by virtue of the act entitled ' An act to regulate the collection of the duties imposed by law on goods, wares and merchandise, imported into the United States; and on the tonnage of ships or vessels,' may be sued for, prosecuted and recovered, and shall be appropriated in like manner.".

There is no act in the statute book with such a title. The only act *then* in force regulating the collection of duties on goods imported, and on tonnage, was the act of *August* 4, 1790, entitled " An act to provide more effectually for the collection of the duties imposed by law on goods, wares and mer-

KEENE
v.
THE U. S.

chandise, imported into the United States, and on the tonnage of ships or vessels."

By the 67th section of this act, it is enacted, "that all *penalties* accruing by any breach of this act shall be sued for, with costs of suit, in the name of the United States of America, in any court proper to try the same, *and the trial of any fact which may be put in issue, shall be within the judicial district in which any such* PENALTY *shall have* ACCRUED ; and the collector, within whose district the seizure shall be made, is hereby authorized and directed to cause *suits* for the same to be commenced and prosecuted to effect, and to receive, distribute and pay the *sum* or *sums* recovered, after first deducting all necessary costs and charges, according to law. And that all *ships* or *vessels*, *goods*, *wares* or *merchandise*, which shall become *forfeited* by virtue of this act, shall be *seized, libelled* and *prosecuted* AS AFORESAID in the *proper court having cognisance thereof,"* &c.

Here the words "*as aforesaid*" refer to the trial of the fact in the judicial district where the forfeiture was incurred.

This provision is also analogous to that contained in the 8th amendment of the constitution of the United States, which provides for the trial of all offences in the state and district where they were committed.

The property could not lawfully be seized out of the district of Vienna, unless by the collector of that port. But if the collector of Alexandria had a right to seize it, he ought to have sent it back to the district of Maryland for trial.

Congress need not have recited the title of the act to which they intended to refer, but having undertaken to do so, and not having recited it truly, it is as if no mode of trial had been provided ; so

that there is no court competent to condemn the pro- <span style="float:right">KEENE</span>
perty.

<span style="float:right">v<br>THE U S.</span>

*Rodney, Attorney-General of the United States, contra.*

The act referred to in the 35th section of the act of the 18th of February, 1793, is the act of the 31st of July, 1789, entitled " An act to regulate the collection of the duties imposed by law on the tonnage of ships or vessels, and on goods, wares and merchandises imported into the United States." This act is not in the common edition of the laws, having been repealed by the act of the *4th August*, 1790; but it is found in *Oswald's edit. of the Laws, vol.* 1. *p.* 25.

The title contains precisely the same words with the title recited in the 35th section of the act of the 18th of February, 1793. They are a little transposed, but the sense is the same. Whereas the title of the act of the *4th August*, 1790, varies very essentially from the title recited. It is " An act *to provide more effectually for the collection of* the duties," &c.

It is no objection that the act of the 31*st of July*, 1789, was repealed before the act of the 18*th of February*, 1793, was passed. It remained in the statute book, and answered every purpose of reference as to the mode of recovering forfeitures, as well as if it had remained in force as a law respecting the collection of duties. It was referred to merely to prevent the necessity of transcribing its provisions respecting a particular subject.

But even the act of the *4th of August*, 1790, *section* 67. does not require the trial of *forfeitures* to be in the district where the cause of forfeiture arose. It only declares that in actions for *penalties*, (not in suits for forfeitures,) " the trial of any *fact* which may be put in issue, shall be within the judicial district in which such *penalty* shall have accrued." But when it speaks of *forfeitures*, it says the goods, &c.

KEENE
v.
THE U. S.

" shall be *seized, l:belled.*and *prosecuted* as aforesaid, in *the proper* court having cognisance thereof;" which are precisely the same words with those contained in the 36th section of the act of the *31st of July*, 1789.

It was not necessary by the common law that prosecutions on penal laws should be in the counties where the offences were committed. 3 *Inst.* 194. And the stat. of 21 *Jac. c.* 4. making it necessary in general cases, does not apply to *revenue cases*. 1 *Anst.* 220, 221. In such cases, when the proceedings are *in rem*, the place of seizure always designates the place of trial; and the *thing* must always be within the jurisdiction and power of the court where the trial is had, otherwise it can neither enforce a sale after condemnation, nor restore the goods upon a decree of restitution. It is said that the collector of Alexandria ought to have sent the goods back to the district of Maryland, for trial. But at whose risk and expense should they be transported? No provision is made by law for such a case. If he had sent the goods back to Maryland, and upon trial they had been acquitted, would the government take the risk and expense of retransportation to Alexandria? Nothing could be more unreasonable and inconvenient.

But if the act of the *18th of February*, 1793, refers neither to the act of *July* 31, 1789, nor to that of the *4th of August*, 1790, there is no mode of prosecution particularly specified in the act of 1793, and the question of jurisdiction must be decided by the judiciary act of September 24, 1789, the 9th section of which enacts that the district courts of the United States shall have exclusive original cognisance of all seizures under the laws of impost, *navigation*, or trade of the United States, where the seizures are made on certain waters, or on land, *within their respective districts*, as well as upon the high seas.

The collector of Alexandria not only had a

right, but it was made his duty to seize the goods
under the 70th section of the collection law of 1799.,
*Vol. 4. p.* 390.   But whether the collector had a right
to seize or not, the seizure having been made, it
was the duty of the court to take cognisance of it.

<center>*March* 15.</center>

LIVINGSTON, J. delivered the opinion of the
court as follows, viz.

This is a seizure on land, by the collector of the
port of Alexandria, for a breach of the act for en-
rolling and licensing ships or vessels to be employed
in the coasting trade and fisheries, and for regula-
ting the same, passed 18th February, 1793.

The breach alleged is, that a certain schooner
called the Sea Flower, duly enrolled and licensed,
sailed to a foreign port, without having first given
up her enrolment and license, and without being
duly registered.   That, on her return voyage, there
were imported in the said schooner, from the Ha-
vanna into the port of Vienna, in the district of
Maryland, certain goods, and thence transported to
the town of Alexandria, in the district of Columbia,
and within the collection district of Alexandria.
The goods were condemned by the circuit court,
and the only error relied on is, that there is no
law authorizing a condemnation in a district differ-
ent from that in which the forfeiture accrued.

The 35th section of the act under which the
seizure was made, declares that all penalties, in-
curred thereby, shall be sued for in the same man-
ner as penalties incurred by virtue of an act en-
titled "An act to regulate the collection of the du-
ties imposed by law on goods, wares and merchan-
dises imported into the United States, and on the
tonnage of ships or vessels."

On examining the different acts of congress on
this subject, there is none whose title exactly cor-
responds with the reference here made.   It is con

tended by the counsel for the United States, that the act here intended, although it does not bear, in terms, the same title, is the one regulating duties, which passed the 31st of July, 1789, and that this does not render it necessary that the trial should be within the district where the forfeiture accrued; while the plaintiff insists that, as this act had been repealed several years prior to the passing of the law under which this seizure was made, it is more probable that a reference was intended to another act, on the same subject, of the 4th of August, 1790, which requires that the trial of any fact which may be put in issue shall be within the judicial district in which any penalty shall have accrued. It is not improbable that this was the law intended; but as the title of neither corresponds with the one given in this act, the court thinks that the proceedings on forfeitures accruing under it, may well be governed by the 9th section of the act to establish the judicial courts of the United States, which confers, on the district courts, jurisdiction of all seizures under laws of impost, navigation, or trade of the United States, when the seizures are made on waters which are navigable from the sea, by vessels of ten or more tons burden, *within their respective districts;* and also of all seizures on land, or other waters, than as aforesaid made, and of all suits for penalties and forfeitures incurred under the laws of the United States. It is a fair construction of this section, taking the whole together, that nothing more is necessary to give jurisdiction in cases of this nature, than that the seizure should be within the district, without any regard to the place where the forfeiture accrued. It would, in many cases, be attended with much delay and injury, without any one advantage, were it necessary to send property for trial to a distant district, merely because the forfeiture had been incurred there. The court feels no disposition to impose these inconveniences on either of the parties, unless where it be positively directed by an act of congress. There being no provision of that kind in the law under which this forfeiture accrued, the court cannot perceive any error in the proceedings below; and

theretore orders that the *judgment of the circuit court be affirmed with costs.*