LITTLE (UNITED STATES v.). See Cases Nos. 15,609 and 15,610.

LITTLE (YATES v.). See Case No. 18,128.

---

## Case No. 8,397.

### The LITTLE ANN.

[1 Paine, 40.] [1]

Circuit Court, D. New York. Sept. Term, 1810. [2]

ADMIRALTY JURISDICTION—PRIZE CASE — SEIZURE IN ANOTHER DISTRICT.

The jurisdiction of the district courts derived from that clause in the judiciary act [1 Stat. 73] declaring that they shall have "exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, including all seizures un-

---

[1] [Reported by Elijah Paine, Jr., Esq.]
[2] [Reversing Case No. 15,611.]

der laws of impost, navigation, or trade of the United States, where the seizures are made on waters which are navigable from the sea by vessels of ten or more tons burthen, within their respective districts; and of all seizures on land or other waters than as aforesaid made, and of all suits for penalties and forfeitures incurred under the laws of the United States," does not extend to cases of libel for seizures made in another district from that where the proceedings are instituted. But the district court of the district where the seizure is made, has exclusive jurisdiction.

[Cited in The Washington, Case No. 17,222; U. S. v. The Reindeer, Id. 16,144.]

This was an appeal from a sentence of condemnation in the district court of the Southern district of New-York. [Case No. 15,611.]

The libel stated that Stephen Decatur, commander of the frigate Chesapeake, on the 13th day of August, 1808, seized the brig Little Ann and cargo on the high seas as forfeited to the United States. That on the 11th of August, while the Little Ann was lying at Bristol, Rhode Island, and bound for a foreign port, her cargo was laden on board in the night, without any license or permit, and without inspection, and was afterwards exported from the United States to the high seas against the act laying an embargo and the supplementary and additional acts.

William D'Wolf and Henry D'Wolf, the claimants, plead, that they were citizens of the state of Rhode Island, and owned the said vessel and cargo at the time of her seizure, and that she was seized within ten miles of the shore of Point Judith, within the jurisdiction of the district court for the district of Rhode Island; and that Newport, and not New-York, was the nearest port to the place of seizure. Wherefore they insisted that the alleged offence was subject to the jurisdiction of the district court of Rhode Island, and not of New-York. To this plea the libellants demurred.

C. D. Colden, J. O. Hoffman, and C. J. Bogert, for appellants.

N. Sanford, D. A., for respondent.

LIVINGSTON, Circuit Justice. Without entering into the merits of this prosecution, or looking at the proofs, the court is desired preliminarily to say whether the proceedings below were not coram non judice, and whether the sentence on that account should not be reversed. It appears on the pleadings, and is at present so to be taken, that this seizure, which was for a violation of the embargo laws, was made within the district of Rhode Island, and that the res was afterwards brought within this district, where it was proceeded against and condemned. From this statement it is clear, that it is not necessary to inquire whether a libel may not in some cases be filed without a previous seizure, because a seizure is here stated, which it is admitted was neither within this district, nor on the high seas. The court has therefore forced upon its consideration how far such a seizure sanctioned the jurisdiction which was assumed.

In ascertaining what portion of the general powers delegated by the constitution of the United States to the federal judiciary, is to be exercised by any one of the inferior courts, recourse must be had to the laws creating the tribunal, and designating its jurisdiction. On this point the embargo laws throw no light. All they do is to declare the offences, and to refer the different cases of forfeiture, &c. to the courts of competent jurisdiction. To settle this competency in a given case we must look at the act establishing the judicial courts of the United States. The powers of the district courts are defined by the 9th section of this law. They have, among other powers, "exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, including all seizures under laws of impost, navigation, or trade of the United States, where the seizures are made on waters which are navigable from the sea by vessels of ten or more tons burthen, within their respective districts as well as upon the high seas. They have also exclusive original cognizance of all seizures on land, or other waters than as aforesaid made, and of all suits for penalties and forfeitures incurred under the laws of the United States."

The appellants contend that to confer jurisdiction in a case of seizure of this kind, it must be made within the judicial district in which the court taking cognizance of it is held. This construction is not only the most obvious and natural, but is in conformity with the spirit which appears to pervade the whole judicial system of the United States. It should therefore prevail, unless controlled by other very explicit and unequivocal provisions of the judiciary act. It was certainly fit and desirable thus to limit the jurisdiction of the district court, in order to prevent the oppression, expense, and delay, which would be inevitable, if the party seizing were at liberty to carry the property to any part of the United States, however remote, to which caprice, or a less pardonable motive might prompt him; and it is only on the appellant's interpretation that this salutary end will not be defeated. But as it is often unsafe to construe an act by what may be deemed its spirit, about which different opinions may be entertained, the court thinks proper to add, that it does not perceive that any other fair meaning can be assigned to the letter of the one now under consideration. The terms used not only vest cognizance in all civil causes of admiralty and maritime jurisdiction, but also in all cases of seizures made as above-mentioned. The term "including," which has been so much and so ingeniously relied on, as only classing such seizures with civil causes of admiralty and maritime jurisdiction, while it admits and has received from the supreme court that signification, is not necessarily to be taken in that sense alone. It not only thus classes these seizures, and thereby shuts

out a trial by jury, but it has also an accumulative meaning, and extends the jurisdiction of these courts to cases of such seizures. If it had only given to these courts the cognizance of civil causes of admiralty and maritime jurisdiction, prosecutions for forfeitures would not have been comprehended in such grant, which ex vi termini is confined to causes arising ex contractu, or to controversies between individuals, where the proceedings are in rem, such as suits or libels for seamen's wages, or bottomry bonds and the like.

But the clause extending its cognizance to all suits for penalties and forfeitures is supposed to be so comprehensive as to leave no doubt of the jurisdiction which has been exercised in this case. If there had been no previous designation of the powers of these courts in relation to forfeitures under the laws of the United States, the interpretation put on this part of the act would not be so violent. But as in the construction of a particular section of the law, every part of it should be brought into view, the court cannot, without overlooking and annulling some of the most valuable provisions of this act, accede to the correctness of this opinion. After the enumeration which had already been made of the various branches of jurisdiction allotted to these courts, it is not thought that the suits here spoken of apply at all to prosecutions in rem in case of seizure, which had been distinctly and previously provided for, but solely to personal suits for penalties of bonds, or for pecuniary penalties and forfeitures attaching on the violation of some law, which may well be deemed transitory, and to follow the person. Suit is defined to be "the following of a person," and is not only not technically, but not even in common parlance, applied to seizures or proceedings in rem. It would be, to say the least, a form of speech liable to considerable criticism, to speak of a suit's being brought against a vessel, or a bale of goods. A person is sued, but things are libelled. If then jurisdiction in case of a seizure, such as that of the Little Ann, be not drawn from that part of the first clause which has been cited from the 9th section of the judiciary act, which is comprehended under the word "including," it is not easy to say whence it comes, or how it could have been supported in this case, even if the seizure had taken place within this district; for without this provision a proceeding like the present could not have been considered as a civil cause of admiralty and maritime jurisdiction, and would therefore have been a casus omissus, unless it could have been comprised under the general jurisdiction of suits for penalties and forfeitures, which could not have been done without giving to these expressions a meaning which perhaps was never before annexed to them, and which therefore was probably not in the contemplation of the legislature.

But if there be room for serious doubt, the understanding of a law should be such as is most reasonable, and which in practice will work the smallest mischief. This in the present case will be attained by confining the jurisdiction of the district courts in cases of seizures, to such as are made within their respective districts, unless they take place on the high seas, which being within no particular district, may generally without much inconvenience be acted on in one court as well as in another. This court therefore thinks that the district court erred in holding jurisdiction of this cause, and that its sentence must for that reason be reversed.