OCONTO, The. See Case No. 9,330.

# Case No. 10,422.

## The OCTAVIA.

### [1 Gall. 488.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1813.[2]

FORFEITURE IN REM—PLACE OF SEIZURE — JURISDICTION.

The place of seizure, and not the place of committing the offence, gives the court jurisdiction in cases of forfeiture in rem.

[Cited in The Wave, Case No. 17,297; The Fideliter, Id. 4,755; The Washington, Id. 17,222; The Belfast v. Boon, 7 Wall. (74 U. S.) 638; The Idaho, 29 Fed. 192.]

[Appeal from the district court of the United ed States for the district of Massachusetts.]

[1] [Reported by John Gallison, Esq.]
[2] Affirmed in 1 Wheat. [14 U. S.] 20.

The counsel for [William Nichols and others] the claimants in this cause suggested that the district court of this district had no jurisdiction over the cause, because the trial should be where the forfeiture accrued, viz. in South Carolina district, and not where the seizure was made.

George Blake, for the United States.

William Prescott, for claimants.

STORY. Circuit Justice. I consider that this question has been solemnly settled the other way, and that the place of seizure, and not the place of committing the offence, gives the jurisdiction. I have not therefore thought it necessary to call for an argument.

[On appeal to the supreme court the decree of this court was affirmed. 1 Wheat. (14 U. S.) 20. See Case No. 10,423.]