## THE IDAHO. (PACIFIC COAST S. S. CO., Claimant.)

*(District Court, D. Oregon.* November 30, 1886.)

1. ADMIRALTY—INFORMATION ON SEIZURE—FORM—CONTRA FORMAM STATUTI.

    It is not necessary, in an information on a seizure on land or water, and particularly the latter, to allege therein that the act or omission on account of which the seizure is made, was done or omitted contrary to the form of the statute in such case made and provided, but it is sufficient that such act or omission is described in the words of the statute under which the proceeding takes place.

2. SHIPS AND SHIPPING—NAVIGATION—PENALTY—REV. ST. U. S. §§ 4465, 4499.

    The penalty prescribed by section 4499, Rev. St. U. S., for a failure to comply with any of the provisions of title 52 of the Revised Statutes in navigating a steam-vessel, is incurred by any such failure, although some other penalty may be prescribed by the section or provision thus violated; and therefore this section is to be read in this case as if the penalty therein was specifically prescribed for the violation of the first clause of section 4465 of the Revised Statutes, limiting the number of passengers to be carried on such vessel.

3. SAME—STEAM-VESSEL—REV. ST. U. S. § 4499.

    The navigation of a steam-vessel, within the purview of section 4499 of the Revised Statutes, includes everything required and provided therefor and thereabout in title 52 of the Revised Statutes,—such as equipment, management, character, and stowage of cargo, and the number and treatment of the passengers thereon.

4. ADMIRALTY—JURISDICTION IN CASE OF SEIZURE—REV. ST. U. S. § 4499.

   In a case of seizure, the place of seizure, and not that of the commission of the act on account of which the seizure is made, determines the jurisdiction; and the clause in section 4499 of the Revised Statutes—"may be seized and proceeded against by way of libel in any district court of the United States having jurisdiction of the offense"—does not change this rule; the court in whose district a seizure is made acquiring thereby jurisdiction of the subject-matter or cause of suit.

(*Syllabus by the Court.*)

In Admiralty.

*Cyrus Dolph*, for claimant.

*Lewis L. McArthur*, for the United States.

DEADY, J. On July 23, 1886, Mr. Lewis L. McArthur, district attorney for the district of Oregon, filed a libel of information in this court against the steam-ship Idaho, in a cause of seizure under section 4499 of the Revised Statutes, for the recovery of the penalty provided therein, in which it is alleged (1) that on July 22, 1886, the collector for the district of Portland (Wallamet) did seize said vessel at Portland, in this district; (2) that on April 16, 1886, at the port of San Francisco, in California, the Idaho did take on board and carry and convey therefrom to the ports of Victoria, in British Columbia, and Townsend, Washington Territory, a greater number of passengers than she was permitted by law to carry; (3) that the number of passengers stated in the vessel's certificate of inspection, and which she was entitled by law to carry, was 200, whereas she took on board and carried on said voyage 215 passengers; (4) that by reason of the premises, and the force and effect of the statute in such cases made and provided, said vessel is subject to a penalty of $500.

On the same day the vessel was arrested on a warrant issued on the libel of information, and delivered by the marshal to the agent of the owners, the Pacific Coast Steam-ship Company, on a stipulation, in the sum of $1,000, to abide by and perform the decree in the case.

On August 5th the claimant filed exceptions to the libel for "informality and insufficiency," as follows: (1) The court has no jurisdiction to enforce the penalty or grant the relief; (2) the libel does not allege any case of seizure provided for in said section 4499; (3) the libel does not state facts sufficient to justify the seizure of the vessel, nor any proceeding in this court against her.

Section 4499 of the Revised Statutes reads as follows:

"If any vessel, propelled in whole or in part by steam, be navigated without complying with the terms of this title, (52,) the owner shall be liable to the United States in a penalty of $500 for each offense, one-half to the use of the informer; for which sum the vessel so navigated shall be liable, and may be seized and proceeded against, by way of libel, in any district court of the United States having jurisdiction of the offense."

Title 52 of the Revised Statutes includes the sections thereof from 4399 to 4500, both inclusive.

Section 4465 provides: "It shall not be lawful to take on board of any steamer a greater number of passengers than is stated in the

certificate of inspection;" and makes the master or owner liable for a penalty of $10 for each passenger in excess of the lawful number, and the amount of the passage money, to any person who will sue for the same.

The judicial power of the United States extends "to all cases of admiralty and maritime jurisdiction," (Const. U. S. art. 3, § 2;) and cases of seizure on the high seas, or the navigable waters of the United States, for the violation of any law thereof, are cases of admiralty and maritime jurisdiction, (*The La Vengeance*, 3 Dall. 297; *The Samuel*, 1 Wheat. 13.) By virtue of subdivisions 3 and 8 of section 563 of the Revised Statutes the district courts of the United States are given jurisdiction "of all suits for penalties or forfeitures incurred under any law of the United States," and "of all civil cases of admiralty and maritime jurisdiction." This is a civil cause of such jurisdiction. The act or offense by which the penalty was incurred, and the lien given therefor on the vessel, was performed on the water. *The La Vengeance*, 3 Dall. 301. Of course, it is understood that the jurisdiction of the court cannot be invoked or exercised in a particular case unless the defendant, if the proceeding is *in personam*, is found within the territorial limits of its authority, or unless the *res*, if the proceeding be *in rem*, is found within the same.

On the argument counsel for the exceptions contended that the libel was insufficient because the illegal act charged therein is not alleged to have been done "contrary to the form of the statute in such cases made and provided;" citing *Briscoe* v. *Hinman*, 1 Deady, 589. But that was an action at law, brought by an informer against the collector, to recover a penalty incurred under a statute, and given to any one who might sue therefor. The technical rule, that in an action at law,—an action of debt,—for a penalty given by statute, the act or omission on account of which the penalty is given must be charged to have been committed or omitted *contra formam statuti*, has always obtained in the United States courts. But in a libel of information in admiralty for a forfeiture or penalty, or even in a proceeding *in rem*, by information, on a seizure on land, the same strictness has never been required. *Cross* v. *U. S.*, 1 Gall. 29; *Sears* v. *U. S.*, Id. 259; *The Samuel*, 1 Wheat. 14; *The Merino*, 9 Wheat. 401.

In *The Samuel, supra*, 15, Chief Justice MARSHALL said:

"The court is not of the opinion that all those technical niceties which the astuteness of ancient judges and lawyers has introduced into criminal proceedings at common law, and which time and long usage have sanctioned, are to be ingrafted into proceedings in the courts of admiralty. These niceties are not already established, and the principles of justice do not require their establishment. It is deemed sufficient that the offense be described in the words of the law, and be so described that, if the allegation be true, the case must be within the statute."

In the case under consideration the section of the Revised Statutes (section 4499) under which the seizure was made is named, and the act for the commission of which the penalty in question is given is

described, so that, if the allegation is true, there was a violation of that part of title 2 denominated section 4465, which declares: "It shall not be lawful to take on board of any steamer a greater number of passengers than is stated in the certificate of inspection."

It is also contended that the libel does not bring the case within the provisions of section 4499. The argument in support of this proposition is that while the section declares that the owner of the vessel shall be liable for a penalty for any failure to comply with title 52 in the navigation thereof, yet each section of said title provides a special penalty for its violation, "and this section is not intended and does not add to the penalties elsewhere provided for;" and "this is apparent from the fact that section 4500 provides a penalty for the violation of any provision not specially provided for." But it will not do to assume—as this argument does—that section 4499 has no operation whatever as a part of title 52, and is a mere superfluity. In the first place, the penalty provided in section 4465 for its violation is given against the master or owner, who is made personally liable to any one who will sue therefor. It is true that section 4469 makes this penalty also a lien on the vessel. This, however, does not authorize her seizure by the government, but the person suing for the penalty may proceed *in rem* and arrest the vessel, as a seaman or material-man might do for wages or materials furnished.

The penalty given by section 4499 for a violation of any provision of the title differs from any other penalty therein, except that given by section 4454, in that it is given exclusively to the government, and the vessel is made liable to seizure on account of the same. It was competent for congress, however, to provide for alternative or cumulative penalties for the violation of any provision of this title, and therefore it is no objection to a claim for the penalty given by section 4499, for carrying too many passengers, that the section making the carrying unlawful also provides a penalty therefore. This section 4499 is compiled from section 1 of the "steam-boat act" of February 28, 1871, (16 St. 440.) The first clause of the section prohibits the issue of any license, register, or enrollment, to any steam-vessel, until all the provisions of the act have been complied with. Then follows the clause—now section 4499 of the Revised Statutes—giving the penalty for navigating any such vessel without complying with the terms of the act. This indicates that the penalty thus prescribed in the first section of the act was not merely intended to meet cases of violation otherwise unprovided for, but the contrary. And although this provision has been transferred by the compilers to the end of the title on the subject of steam-boats, nothing is to be inferred from that fact, as is declared in section 5600 of the Revision. There is really no reason to conclude that the various sections of this title, giving special penalties for particular violations thereof, were intended to exclude the operation of section 4499, imposing a particular penalty for any violation of the same; and so,

for the purposes of this case, section 4499 must be read as if the first clause of section 4465 was a part of it.

It is also contended in this connection that the term "navigated," as used in section 4499, is confined to the equipment, furnishing, and managing of the vessel, and does not include the matter of carrying a greater or less number of passengers thereon. This may be a plausible proposition, but, in my judgment, it is not supported by the statute, or the reason of it. This title 52 of the Revised Statutes is devoted to the regulation of steam-vessels, principally with a view to the safety and comfort of the passengers thereon. Concerning both these particulars, the number of passengers a vessel carries, compared with her capacity to take care of them, is a material circumstance; and it would be strange if section 4499 should apply to a failure to keep a watchman (section 4477, Rev. St.) in the cabin at night to give the alarm to the passengers in case of an accident, and not apply to the overloading of the same vessel with passengers, contrary to section 4465. The navigation of a vessel, within the purview of this section, includes, in my judgment, everything required and provided therefor and thereabout in this title,—such as equipment, management, the character and stowage of cargo, and the number and treatment of passengers thereon.

And, lastly, it is contended that the court has no jurisdiction of the proceeding, because, as it is claimed, it has no "jurisdiction of the offense." This is not a criminal proceeding, and the word "offense" is simply used here to signify, in a loose way, the act of taking on board a greater number of passengers than that mentioned in the vessel's certificate. This itself is not a crime, nor does the statute make it such. To secure obedience to the statute limiting the number of passengers that may be taken on board, a penalty is imposed on the owner for its violation, although he may in fact have been ignorant thereof. Such penalty is recoverable by a civil action, transitory in its nature, that may be maintained in any district court within whose jurisdiction the owner may be found. In addition, the statute in this case gives a lien on the offending vessel for the penalty, and so far it becomes a case of admiralty jurisdiction, that may be maintained in any district court where said vessel may be found and arrested. Not only this, but the statute authorizes the seizure of the vessel, in the first instance, by the proper officer of the government; and that, wherever it may be found,—for, of course, she cannot be seized elsewhere.

It is not to be lightly supposed that the general rule and test of jurisdiction of the district courts in cases of penalties and seizures, as prescribed by section 563 of the Revised Statutes, was intended to be changed, and a peculiar and impracticable test of jurisdiction substituted by section 4499 for the recovery of the penalty thereby imposed. The words, "and may be seized and proceeded against by way of libel in any district court of the United States having juris-

diction of the offense," must be construed so as to harmonize with the general rule on the subject of jurisdiction in such cases. The first thing mentioned is the "seizure" of the vessel. This is a substantive, separate act, on which the jurisdiction of the court depends. Thenceforth the district court, for the district within which the seizure is made, has exclusive cognizance of the cause. As was said in *The Octavia*, 1 Gall. 488, the place of seizure, and not the place of committing the offense, gives the jurisdiction. Therefore the court of the district where the seizure is made has, for that very reason, jurisdiction of the offense, so to speak, and no other court has, (*The Ann*, 9 Cranch, 290;) and if the vessel is taken into any other district by the seizing officer, the court will remit it to the proper district, (*The Abby*, 1 Mason, 360.) It matters not whether the act on account of which the penalty is given constitutes a crime or not. This is not a criminal proceeding against the party committing it, that must be prosecuted in the district where it was committed. Sixth Amend. On the contrary, it is a civil suit to enforce a penalty against the offending vessel, and the court of the judicial district in which the vessel was seized, for this purpose, has jurisdiction of the offense or matter out of which the penalty arose. Indeed, the word "offense," as used in this connection, has no precise or technical signification, and is used, generally and loosely, in the sense of the matter or transaction which constitutes the subject or cause of the suit. The jurisdiction to enforce the penalty against the vessel arises from the seizure, and does not exist without it; and it attaches or belongs to the court within whose district it was made, without reference to the place where the act for which the penalty is given was done or committed.

But it appears there is another answer to this exception to the jurisdiction. It comes too late. The claimant has filed a claim of ownership in this court, and obtained the delivery of the vessel thereon. By this act it admitted the jurisdiction of this court. If it intended to contest the jurisdiction, it should have done so before it obtained the delivery of the property. *The Abby*, 1 Mason, 363.

The exceptions are disallowed.