CLINTON FOODS, Inc. v. UNITED STATES.

CLINTON FOODS, Inc. v. MOORE,
United States District Judge.

Nos. 6209, 6210.

United States Court of Appeals
Fourth Circuit.

Argued March 13, 1951.

Decided April 2, 1951.

ment of Justice, and Paul M. Steffy, Attorney, Federal Security Agency, all of Washington, D. C., on brief), for appellee and respondent.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and WATKINS, District Judge.

PARKER, Chief Judge.

We have here an appeal from an order denying, on the ground of lack of power, a motion to transfer a condemnation proceeding from one federal district to another and a petition for a writ of mandamus to require the judge below to exercise the power. In April 1950 the United States instituted a condemnation proceeding under the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 301 et seq. in the United States District Court for the Southern District of West Virginia against 630 cases of orangeade found within the District, on the ground that the orangeade was both misbranded and adulterated within the prohibition of the statute. Clinton Foods, Inc., intervened as owner in the condemnation proceeding and filed answer denying the charges of misbranding and adulteration. It subsequently made a motion that the case be transferred for trial to the District of Maryland; but this was denied by the District Judge on the ground that he had no power to order the transfer. Appeal was taken from this denial of the motion and, in addition, Clinton Foods has filed a petition in this court asking a writ of mandamus against the District Judge on the ground that he had power to grant the motion and should have exercised his discretion in passing upon it. The United States has moved to dismiss the appeal on the ground that the order denying the motion to transfer is not a final order within the meaning of the statute allowing appeals to this court.

The motion to dismiss the appeal must be allowed. Appeals to this court may be taken only from final decisions, 28 U.S.C.A. § 1291, except where appeal from interlocutory orders in injunction, receivership, admiralty, and patent cases is expressly authorized by statute, 28 U.S.C.A. § 1292; and an order granting or

Stanley C. Morris, Charleston, W. Va. (Mark Candee, New York City, Charles W. Yeager and Steptoe & Johnson, all of Charleston, W. Va., on brief), for appellant and petitioner.

A. Garnett Thompson, U. S. Atty., Charleston, W. Va., and John T. Grigsby, Attorney, Department of Justice, Washington, D. C. (James M. McInerney, Asst. Atty. Gen., Vincent A. Kleinfeld and Frederick W. Becker, Attorneys, Depart-

refusing the transfer of a case is clearly not a final decision nor is it an interlocutory order from which appeal is expressly granted. As said by this court in Cox v. Graves, Knight & Graves, Inc., 4 Cir., 55 F.2d 217, 218; "A final decision is one which 'puts an end to the suit, deciding all the points in litigation between the parties, leaving nothing to be judicially determined,' with nothing remaining to be done, but to enforce by execution what has been determined.' France & Canada S. S. Co. v. French Republic, 2 Cir., 285 F. 290, 294; U. S. v. Bighorn Sheep Co., 8 Cir., 276 F. 710."

The precise question was before us in Jiffy Lubricator Co. v. Stewart-Warner Corp., 4 Cir., 177 F.2d 360, 361, certiorari denied 338 U.S. 947, 70 S.Ct. 484, in which an appeal from an order transferring a case was dismissed, and one of the grounds of the dismissal was that the order was not final and appealable. We said in that case:

"The motion to dismiss must be granted on the ground that the order transferring the case is not a final order from which an appeal lies under 28 U.S.C.A. § 1291. As was said by the Supreme Court in Arnold v. United States for use of W. B. Guimarin & Co., 263 U.S. 427, at page 434, 44 S.Ct. 144, at page 147, 68 L.Ed. 371: 'It is well settled that a case may not be brought here by writ of error or appeal in fragments, that to be reviewable a judgment or decree must be not only final, but complete, that is, final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved; and that if the judgment or decree be not thus final and complete, the writ of error or appeal must be dismissed for want of jurisdiction. Hohorst v. (Hamburg-American) Packet Co., 148 U. S. 262, 264, 13 S.Ct. 590, 37 L.Ed. 443; Collins v. Miller, 252 U.S. 364, 370, 40 S.Ct. 347, 64 L.Ed. 616; Oneida Navigation Corporation v. (W. & S.) Job (& Co.), 252 U.S. 521, 522, 40 S.Ct. 357, 64 L.Ed. 697; and cases therein cited.' See also Western Contracting Corp. v. National Surety Corp., 4 Cir., 163 F.2d 456; Bowles v. Commercial Casualty Ins. Co., 4 Cir.,

107 F.2d 169; Hyman v. McLendon, 4 Cir., 102 F.2d 189, 190; Fields v. Mut. Benefit Life Ins. Co., 4 Cir., 93 F.2d 559, 561; Lockhart v. New York Life Ins. Co., 4 Cir., 71 F.2d 684; Toomey v. Toomey, 80 U.S.App.D.C. 77, 149 F.2d 19.

"The general rule is well settled that an order granting or refusing change of venue is not appealable unless expressly made so by statute. 3 C.J. p. 473; 4 C.J. S., Appeal and Error, § 115; 2 Am.Jur. 899–900; Shay v. Rinehart & Dennis Co., 116 W.Va. 24, 178 S.E. 272, and cases there cited. There is no federal statute expressly granting an appeal from such orders; and the federal decisions follow the general rule that they are not appealable. Cook v. Burnley, 11 Wall. 659, 672, 20 L.Ed. 84; Kennon v. Gilmer, 131 U.S. 22, 24, 9 S.Ct. 696, 33 L.Ed. 110.

"Counsel for plaintiff rely upon decisions permitting appeals from dismissals in application of the principle of forum non conveniens; but these decisions are not in point. A dismissal in application of that or any other principle puts an end to the action and hence is final and appealable. An order transferring it to another district does not end but preserves it as against the running of the statute of limitations and for all other purposes."

Nothing need be added to what was said in that case. It should be noted, however, that the same view has been taken in all other Circuits where the question has been raised. See Koons v. Kaiser, 2 Cir., 187 F.2d 1023, certiorari denied 71 S.Ct. 505; Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329; Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 2 Cir., 178 F.2d 866; Paramount Pictures v. Rodney, 3 Cir., 186 F.2d 111, 116; Shapiro v. Bonanza Hotel Co., 9 Cir., 185 F.2d 777, 779; Holdsworth v. United States, 1 Cir., 179 F.2d 933. Not only is it the law, we think, that an order granting or refusing the transfer of a case is not appealable; but this clearly should be the law. To permit appeals as of right from such orders would delay the administration of justice, unnecessarily in most cases, and would open the door to the evils of fragmentary appeals.

Appellant relies upon the decision of the Supreme Court in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, in which was sustained the right to appeal from an order denying a motion to require plaintiff in a stockholders derivative suit to give a bond for costs; but that case is clearly not in point. "The right there asserted was in the language of the Supreme Court 'separable from, and collateral to (the cause of) action.'" Shapiro v. Bonanza Hotel Co., supra. "There is absent here a 'final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it.'" Ford Motor Co. v. Ryan, supra [2 Cir., 182 F.2d 330]. See also Paramount Pictures v. Rodney, supra.

■ Assuming without deciding that in a proper case this court has power to issue a writ of mandamus[1] to require a District Judge to exercise the discretion vested in him by the statute authorizing the transfer of cases, See Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185; Paramount Pictures v. Rodney, supra, 3 Cir., 186 F.2d 111; Ford Motor Co. v. Ryan, supra, 2 Cir. 182 F.2d 329, we think it clear that this is not a case in which the writ should be granted, as the District Judge was clearly right in holding that he had no power to transfer the case to the District of Maryland. As the case could not have been brought in any other district than that in which the goods sought to be condemned were found, there was no authority to transfer it to another district under 28 U.S.C.A. § 1404(a). Subsection (b) of that section, relating to transfers to other divisions of the same district, confers no such authority. And 21 U.S.C.A. § 334(a), relating to the transfer of misbranding cases does not authorize the transfer, since

condemnation is asked here on account of adulteration as well as misbranding.

28 U.S.C.A. § 1404(a) provides: "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

■ The condemnation proceeding against the 630 cases of orangeade could not have been brought in any district other than the Southern District of West Virginia, for it was there that the property sought to be condemned was situate. It is well settled that a proceeding in rem against specific property is local in character and must be brought where the property is subject to seizure under process of the court. Keene v. United States, 5 Cranch 304, 3 L.Ed. 108; The Little Ann, Fed.Cas.No. 8,397, 1 Paine 40; The Octavia, Fed.Cas.No. 10,422, 1 Gall. 488; United States v. Three Hundred and Ninety-six Barrels Distilled Spirits, Fed.Cas. No. 16,502; The Idaho, D.C., 29 F. 187, 192. See also 28 U.S.C.A. § 1395(b). Since the suit for condemnation of the 630 cases of orangeade could not have been brought in any other district than that in which they were seized, it is clear that it may not be transferred from that district under the provisions of 28 U.S.C.A. § 1404(a). United States v. 23 Gross Jars etc. Enca Cream, D.C., 86 F.Supp. 824; United States v. 11 Cases etc. Ido-Pheno-Chon, D.C., 94 F.Supp. 925; United States v. 91 Packages etc. Nutrilite Food Supplement, D.C., 93 F.Supp. 763, 764. As was well said by Judge Fake in the case last cited: "There is no doubt but that the actions under consideration are civil actions, Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959, 93 L.Ed. 1207, but are they such actions as might have been brought in any other districts than those in which

---

1. It is clear that mandamus is not likely to be attended by the delays and other evils incident to fragmentary appeals, since mandamus must be promptly applied for, is granted only in the discretion of the court in aid of its appellate jurisdiction and will be awarded only when the lower court has refused to exercise its

jurisdiction or has abused its discretion with regard thereto. Roche v. Evaporated Milk Ass'n, 318 U.S. 21, 26 et seq, 63 S.Ct. 938, 87 L.Ed. 1185. Appeal, on the other hand, if it lies at all, lies as a matter of right and will stay the proceedings of the lower court while it is being prosecuted.

they were brought? The answer is, no, because they were brought as actions in rem, and as such could be commenced only where the res was found at the time."

And we think it equally clear that the case could not have been transferred to the Maryland District under 1404(b). That section provides: "(b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer."

█ It is perfectly clear, we think, that this subsection authorizes transfer only between different divisions of the same district. The history of the subsection is thus stated in the Revisor's notes: "Subsection (b) is based upon section 163 of Title 28, which applied only to the district of Maine. This revised subsection extends to all judicial districts and permits trans-

fer of cases between divisions." These notes have been said by the Supreme Court to be "obviously authoritative," United States v. Nat. City Lines, 337 U.S. 78, 81, 69 S.Ct. 955, 959, 93 L.Ed. 1226; and they make perfectly clear, what should be reasonably clear when reason is applied to the language of the statute itself, that the effect of the subsection is to authorize the transfer of in rem actions between divisions of the district, not to any other district of the country. This is the holding in all three of the district court decisions last cited.

Nothing in 21 U.S.C.A. § 334(a)[2] authorizes the transfer asked. That section requires condemnation proceedings under the Food, Drug and Cosmetic Act for adulteration or misbranding to be brought within the district where the article is found. The proviso, which applies only to libels on account of misbranding, authorizes the limitation to a single proceeding of the proceedings which may be brought for misbranding and the removal for trial of such proceeding. It is significant that the proviso makes no such provision where condemnation is sought on the ground of adulteration, which is ordi-

2. That section is as follows:
   "Any article of food, drug, device, or cosmetic that is adulterated or misbranded when introduced into or while in interstate commerce or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which may not, under the provisions of section 344 or 355, be introduced into interstate commerce, shall be liable to be proceeded against while in interstate commerce, or at any time thereafter, on libel of information and condemned in any district court of the United States within the jurisdiction of which the article is found: Provided, however, That no libel for condemnation shall be instituted under this chapter, for any alleged misbranding if there is pending in any court a libel for condemnation proceeding under this chapter based upon the same alleged misbranding, and not more than one such proceeding shall be instituted if no such proceeding is so pending, except that such limitations shall not apply (1) when such misbranding has been the basis of a prior judgment in favor of the United States, in a criminal, injunction, or libel for condemnation proceeding under this

chapter, or (2) when the Administrator has probable cause to believe from facts found, without hearing, by him or any officer or employee of the Agency that the misbranded article is dangerous to health, or that the labeling of the misbranded article is fraudulent, or would be in a material respect misleading to the injury or damage of the purchaser or consumer. In any case where the number of libel for condemnation proceedings is limited as above provided the proceeding pending or instituted shall, on application of the claimant, seasonably made, be removed for trial to any district agreed upon by stipulation between the parties, or, in case of failure to so stipulate within a reasonable time, the claimant may apply to the court of the district in which the seizure has been made, and such court (after giving the United States attorney for such district reasonable notice and opportunity to be heard) shall by order, unless good cause to the contrary is shown, specify a district of reasonable proximity to the claimant's principal place of business, to which the case shall be removed for trial."

narily more serious than misbranding and is more often the basis of a forfeiture of the property. There is no authority in the district court to remove a case under this proviso, as distinguished from consolidating a multiplicity of cases under sec. 334 (b), where adulteration is charged. United States v. 74 cases etc. of Oysters, D.C., 55 F.Supp. 745. And the rule is not different because adulteration along with misbranding is charged in a single libel. United States v. 11 Cases etc. Ido-Pheno-Chon, D.C., 94 F.Supp. 925.

For the reasons stated, the appeal will be dismissed and the petition for writ of mandamus will be denied.

No. 6209, appeal dismissed.

No. 6210, petition for writ of mandamus denied.