313 F.2d 194
 REPUBLIC OF IRAQ, Plaintiff-Appellee,
v.
FIRST NATIONAL CITY BANK, as Administrator of the Goods, Chattels and Credits of His Majesty King Faisal II Ibn Ghazi Ibn Faisal I of Iraq, Deceased, Defendant-Appellant.
 No. 238.
 Docket 27846.
 United States Court of Appeals Second Circuit.
 Argued January 31, 1963.
 Decided February 6, 1963.
 
 Leo C. Fennelly, New York City (Edward P. F. Eagan, Fennelly, Douglas, Eagan, Nager & Voorhees, New York City, on the brief) for plaintiff-appellee.
 Harold J. Baily, New York City, for defendant-appellant.
 Before LUMBARD, Chief Judge, and SMITH and HAYS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellant appeals under 28 U.S.C. § 1291 from an order of the United States District Court for the Southern District of New York, Bonsal, J., denying the defendant's motion to transfer the action to the Surrogate's Court of New York County in the State of New York. Order dated August 14, 1962. The plaintiff, appellee here, claims title to the property in the estate of King Faisal II Ibn Ghazi Ibn Faisal I of Iraq, which estate to the extent of assets located in New York, is now in the course of administration in the Surrogate's Court. The defendant-appellant is the administrator of the estate. After securing the consent of the Surrogate to transfer, order dated July 2, 1962, the appellant moved in the district court for transfer in order to consolidate the complaint in this action with other claims against the estate.
 
 
 2
 An order denying a motion to transfer an action is not a final appealable order within the meaning of § 1291. National Equipment Rental, Ltd. v. Fowler, 287 F.2d 43, 45 (2 Cir., 1961); Clinton Foods, Inc. v. United States, 188 F.2d 289 (4 Cir.), cert. denied, 342 U.S. 825, 72 S.Ct. 45, 96 L.Ed. 624 (1951), and cases cited, 188 F.2d at 291. Compare Bender v. Pennsylvania Co., 148 U.S. 502, 13 S.Ct. 640, 37 L.Ed. 537 (1893), dismissing a writ of error to an order overruling a motion to remand to the state court because the order was not "a final judgment on the merits." The appeal must, therefore, be dismissed.
 
 
 3
 The appellant asks us to regard this appeal alternatively as a petition for writ of mandamus. Whether transfer to the state court in the circumstances of this case would have been proper, or was perhaps even required, is not free from doubt. In view of the complex issues raised by that question, denial of the motion to transfer was clearly not the manifest abuse of discretion which warrants issuance of a writ of mandamus. See Abrams v. McGohey, 260 F.2d 892 (2 Cir., 1958).
 
 
 4
 Appeal dismissed.