LADUE, Appellant, *vs.* SPALDING, Respondent.

1. A mandamus is served by delivering the writ to the person to whom it is directed; and he makes his return to it. It is no service of the writ for the officer to offer to read it, and then keep it, and make his return upon it, as he would upon a summons.

2. A judgment of the St. Louis law commissioner, refusing to make an order on a justice of the peace, is not such a judgment as an appeal to the Supreme Court can be taken from.
3. The superintending control over justices of the peace, given by the state constitution to the Circuit Court, is not interfered with by the power conferred on the St. Louis law commissioner.

*Appeal from St. Louis Law Commissioner's Court.*

*P. A. Ladue*, in proper person.
*H. N. Hart*, for respondent.

GAMBLE, Judge, delivered the opinion of the court.

Ladue filed a petition before the law commissioner, alleging that he had been sued by one Chase, before Spalding, a justice of the peace, in an action for the delivery of personal property; that the jury had found a verdict against him, but had failed to find the value of the property; that he had moved the justice to order an enquiry to ascertain the value of the property, which motion the justice overruled; therefore he prayed the law commissioner to make an order on the justice requiring him to have such enquiry made. The petition further states, that divers witnesses had charged fees in the case who were not entitled to claim fees, and that the petitioner had moved the justice to retax the costs, which the justice refused, and the petitioner prays the law commissioner to make an order on the justice to retax the costs, and to refrain from issuing execution to collect the costs; and to grant such other and further relief as justice may require. The law commissioner issues a writ of alternative mandamus to the justice, commanding him to do all the things mentioned in the petition or show cause. This writ, instead of being left to the justice to be returned by him, was taken to the justice by a constable, who returns that he offered to read it to the justice. The next entry is, that the justice came before the commissioner and demurred to the petition, and it appears that the commissioner sustained this demurrer.

1. To reduce the case to any thing like form, we must first consider the writ of the law commissioner as not served on the justice. A mandamus is served by delivering the writ to the person or officer to whom it is directed, and he makes his return to it. The constable offering to read the writ to the justice, and then keeping it and making his return upon it, as he would do on a summons, was no service of the mandamus.

2. The demurrer of the justice to the petition, when he was not served with the writ, is to be considered as equivalent to a motion on his part to quash the proceeding ; and the judgment of the commissioner, sustaining the demurrer and dismissing the whole proceeding, was a judgment equivalent to a refusal of the order which the petitioner asked the commissioner to make. This proceeding was designed to call into exercise the superintending control which the statute confers upon the law commissioner over justices of the peace, and the judgment which he rendered in refusing the order, or, (in the form in which it was given,) sustaining the demurrer of the justice to the applicant's petition, is not such a judgment in a cause as can be brought to this court by appeal. It is not a judgment in any cause.

3. The constitution has vested the Circuit Court with a superintending control over justices of the peace, which is not diminished by the power conferred upon the law commissioner, and that court is one in which such powers are familiarly exercised, and the proceedings are well understood. Let the appeal be dismissed, with the concurrence of all the Judges.