## JOSIAH INGERSOLL *vs.* JOHN WILSON.

### January Term, 1867.

1. No notice is required to be given to the adverse party of a motion to change the venue, unless the motion is to be made in vacation.

2. It is the right of each party in any suit to have the jury composed of persons not related to either, who have no interest in the cause, have neither formed nor expressed any opinion, who are free from bias or prejudice and stand indifferent in the cause. Where a jury thus qualified cannot be otherwise obtained in the county where the suit is brought, the case should be removed.

3. A case in which it is proper to change the venue.

The only question in this case is fully presented in the opinion of judge *Loomis,* which was concurred in and became the judgment of the court.

*Lamb* and *Paull,* for plaintiff in error.

*M. C. Goode,* for defendant in error.

LOOMIS, J. The only question presented in this case is, whether the circuit court of Marshall county erred in refusing a change of venue on motion of Ingersoll, the defendant below.

The facts as presented by the record are these: John Wilson instituted a suit in said court against the said defendant, to answer a plea of trespass on the case for words spoken.

*See page 1.    Judge *Loomis* of the VI circuit was called to the bench.

The defendant demurred to the declaration and each count, pleaded the general issue and filed a special plea. The demurrer was overruled and issue joined upon the pleas. After several continuances, a trial was had and the jury returned a verdict for the plaintiff for 1,500 dollars damages. This verdict on motion, was set aside and a new trial awarded. At the September term, 1865, the defendant presented his petition and motion for a change of venue, assigning as the ground of his motion that the verdict found against him was, in a great measure, the result of strong prejudice against him in the minds of the jury by whom the issue was tried; that he became satisfied of this fact through diligent and general inquiries amongst the people of Marshall county. This petition was sworn to by the defendant. He also, in support of his motion, presented eleven affidavits made by different citizens of the said county, several of whom had resided therein forty years, one for fifty years, and none of them less than ten years. These affidavits severally state in substance that the respective affiants have a general acquaintance with the people of Marshall county, and believe that owing to the said Josiah Ingersoll being the owner of a large body of land lying in Marshall county, and having had legal controversy with his tenants and others respecting the same, and for other causes, there exists a prejudice against him in said county, and they do not believe that a fair and impartial jury can probably be obtained for the trial of the issue in this cause, in the mode provided by law for summoning and empanneling juries.

Notice of this motion for a change of venue, had been given to Moses C. Goode, Esq., attorney for the plaintiff, about two weeks prior to the trial had in September, 1865. The court overruled the motion, and at the said September term a jury was empanneled and after hearing the evidence and argument of counsel, returned a verdict for the plaintiff, assessing his damages at 1,500 dollars, and judgment was entered accordingly.

Section 3, chap. 174, of the Code—2nd edition, provides for the removal of a cause pending in a circuit court. No

notice is required to be given to the adverse party of a motion to remove the suit, unless the motion is made in vacation. It is the right of each party in any suit to have the jury composed of persons not related to either, who have no interest in the cause, have neither expressed nor formed any opinion, who are free from bias or prejudice, and stand indifferent in the cause. When a jury thus qualified can not be otherwise obtained in the county where the suit is brought, the case should be removed. From the facts presented in this record it appears that the defendant's rights in this regard were not fully secured to him, and the venue ought to have been changed. Code 1860, chap. 162, sec. 21. 1 Wm. Blackstone's Report, 481. Tidd's Practice 548–9.

The following order was entered in the cause:

"Ordered that the judgment be reversed, the verdict set aside and the judgment overruling the motion for a change of venue be reversed, and the cause remanded to the circuit court of Marshall county, and that said court award a new trial, and change the venue to some county other than the county of Marshall. And it is further ordered that the plaintiff in error recover his costs against the defendant in error in this court expended."

JUDGMENT REVERSED.