[No. 11642.   Department One. — August 30, 1887.]

WILLIAM GREEHN, APPELLANT, *v.* B. E. SHUMWAY, RESPONDENT. J. M. LEAKEY, SHERIFF OF LASSEN COUNTY, APPELLANT.

ATTACHMENT FEES — SHERIFF OF LASSEN COUNTY — MOTION TO FIX FEES — REFUSAL OF COURT TO ENTERTAIN — APPEAL — MANDAMUS. — The refusal of the Superior Court of Lassen County to entertain or determine a motion made by the sheriff of that county for an order fixing his fees in an attachment suit, as provided by the act of 1869, cannot be taken advantage of by appeal.

APPEAL from an order of the Superior Court of Lassen County refusing to fix the fees of a sheriff in an attachment suit.

The provisions of the act of 1869–70, requiring the fees of the sheriff for his services in an attachment suit to be fixed by an order of court, are quoted in the preceding case of *Shumway* v. *Leakey, ante,* p. 260. The further facts are stated in the opinion.

*E. V. Spencer,* and *J. E. Raker,* for Appellants.

*Goodwin & Davis,* and *A. L. Shinn,* for Respondent.

HAYNE, C. — The case of *Shumway* v. *Leakey,* just decided, was an action under section 4181 of the Political Code, to recover money in the sheriff's hands which he had refused to pay over to the party entitled. No order had been made fixing the amount of the fees, and upon that ground it has just been decided that the sheriff was not entitled to retain what he claimed as his fees out of the money in his hands. Pending the trial of said case, the sheriff made a motion for an order allowing his fees. Shumway (defendant in the attachment suit, and plaintiff in the suit above-mentioned) objected, " on the ground that such proof was irrelevant, and that the court had no jurisdiction to hear, or settle, or allow the said bill of expenditures after the same had been paid. The said objection was sustained, and the motion denied by the court; to which ruling counsel for said sheriff duly excepted."

The sheriff attempts to make this action of the court the subject of an appeal.

If the court had acted upon the application, and made an order allowing or disallowing the fees, it would then be a question whether such order was appealable. It is apparent, however, that the court simply refused to take any action in the matter, one way or the other. And

we think it clear that this " order " is not appealable. If the sheriff has any remedy, it is by *mandamus* to the proper court to take action in the matter.

The order not being appealable, there is nothing before the court.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the proceedings upon attempted appeal are dismissed.