# CHARLESTON.

## Carson v. Phoenix Ins. Co. of Hartford, Conn.

Submitted September 12, 1895, Decided Nov. 20, 1895.

Venue—Non-resident—Insurance Co.—Action.

> Under the provisions of chapter 123 of the Code, a non-resident insurance corporation may be sued on a policy of insurance in the county where the property insured was situated, or in any county in which it does business, or in which it has estate or debts due it, or in which the cause of action, or part thereof, arose.

Chas. E. Hogg for plaintiff in error, cited Hogg, Plead. & Forms, 144, 88, 164; Works, Courts & Juris. 32, 107, 109, 110, 35, 168; Code, c. 125, s. 16; 5 W. Va. 572; Code, c. 124, s. 2; 37 W. Va. 272: 12 Fed. Rep. 474; 28 Neb. 653; 29 W. Va. 794; 6 W. Va. 441.

D. H. Brown and Adam Littlepage for defendant in error, cited Code, c. 123, s. 1, par. 5; Id. c. 125, s. 16; 9 Gratt. 385; 11 Id. 625; Hogg, Plead. & Forms, 145; 2 Tucker, Comm. (s. p.) 102.

Dent, Judge:

A. M. Carson, assignee of E. M. Brabham, filed his declaration on an insurance policy in the Circuit Court of Mason county at April rules, 1895, against the Phœnix Insurance Company of Hartford, Conn. Such declaration is in

the following words and figures, to wit: "State of West Virginia, County of Mason—ss.: In the Circuit Court thereof. A. M. Carson, assignee of E. M. Brabham, complains of the Phœnix Insurance Company of Hartford, Conn., a corporation, which has been summoned to answer this, for that the defendant, by virtue of the policy of insurance herewith filed, and the assignment thereon indorsed by said Brabham on March 4, 1895, and also filed herewith, owes two hundred and fifty (250) dollars to the plaintiff, for loss in respect to the property insured by said policy, caused by fire, on or about August 26, 1894, near the headwaters of the Elk Fork of Mill creek, in Roane county, state of West Virginia. Chas. E. Hogg, P. Q." The defendant appeared and demurred, and the circuit court sustained the demurrer and dismissed the suit. Plaintiff applied for a writ of error to this Court, which was granted.

There are two grounds of demurrer insisted on: (1) The assignment is set out by way of recital, instead of by positive averment. (2) The declaration shows on its face that the property insured was situated in Roane county, and under section 1, chapter 123, of the Code, the suit could only be instituted in that county.

The averment of the assignment is positive, and not by the way of recital, and clearly sufficient to give defendant full notice thereof, in full compliance with the statutory provisions relating to declarations and assignment. By this mode of pleading the assignment itself is made a part of the declaration, in *hæc verba*, along with the insurance policy. See sections 29, 33, 34, 61, chapter 125, of the Code; also, section 14, chapter 99. There is absolutely nothing in this point.

The first clause of section 29 is in these words: "On a demurrer the court shall not regard any defect or imperfection in the declaration or pleadings, whether it has heretofore been deemed mispleading or insufficient pleading or not, unless there be omitted something so essential to the action or defence that judgment according to law and the very right of the cause can not be given." No such omission exists, so far as this assignment is concerned. If it is

the law that a suit can only be brought on an insurance pol-
icy in the county where the property was situated, this er-
ror appearing on the face of the declaration, the demurrer
was properly sustained. The clause of section 1, chapter
123, in controversy, did not exist prior to 1891, but was
then, by re-enactment of the section, inserted in these
words: "If the suit be brought to recover a loss under any
policy of insurance upon property insured, in the county
wherein the property insured was situated." It was intend-
ed to meet the question raised in the case of *Harvey* v. *In-
surance Co.*, 37 W. Va. 272 (16 S. E. 580) and to make cer-
tain the right of the plaintiff to institute his suit in the
county where the property was situated. Prior to
this time he had the right to bring his suit in any county
in which the defendant, being a non-resident corporation,
did business, or had estate or debts due it, or wherein the
cause of the action, or any part thereof, arose; and now the
defendant insists that the insertion of this clause, instead of
extending, took away from the plaintiff the privilege he
might have otherwise exercised, and limited his right to
sue to the county in which the property was situated. In
short, the defendant says: "By a well known rule of con-
struction, this section must be construed in all its clauses
together; and that section which provides that, where suit
is brought upon a policy of an insurance company, the
same must be brought in the county where the property
covered by the policy, and for the loss of which the suit is
brought, is situated, is specific; and all actions brought on
policies of insurance must be brought under the clause, and
not under other clauses." If the word "must" or "shall"
had been used, then there might be some force in the de-
fendant's position, but the language of the statute is that
suits on insurance policies may be brought in the county
where the property is situated. This is an extension of
plaintiff's privilege, and not a limitation or abridgment.
The second clause provides where suits may be brought
against a non-resident corporation. Defendant is a non-
resident corporation. The fourth clause provides where
suits may be brought against a non-resident of the state.
Defendant is a non-resident of the state. Hence the de-

fendant is subject to each and all of these clauses, and plaintiff has the right to select under which clause he will bring his suit. Not only this, but section 2 enlarges his rights to bring his action in any county wherein the cause, or any part thereof, arose. Within the limitations of the statute, the word "may" must be construed to be permissive and not imperative. "It is only where it is necessary to give effect to the clear policy and intention of the legislature that the word 'may' can be construed in a mandatory sense; and where there is nothing in the connection or the language, or in the sense and policy of the provision, to require an unusual interpretation, its use is merely permissive and discretionary." 14 Am. & Eng. Enc. Law, 979; *Bolling* v. *Mayor, etc.*, 3 Rand. 579. As between the different clauses of section 1, there is nothing to show that the word "may" was used in a mandatory sense. On the contrary, its use was intended to be clearly permissive to the plaintiff in instituting his suit.

For these reasons the judgment of the Circuit Court is reversed, and the demurrer to the declaration is overruled, and the case is remanded for further proceedings in accordance with law.

---

# CHARLESTON.

VENUE—NON-RESIDENT INSURANCE CO—ACTION.

> Under the provisions of chapter 123 of the Code, a non-resident insurance corporation may be sued on a policy of insurance in the county where the property insured was situated, or in any county in which it does business, or in which it has estate or debts due it, or in which the cause of action, or part thereof, arose.

CHAS. E. HOGG, for plaintiffs in error.