# CHARLESTON.

## MYERS v. CARNAHAN et al.

Submitted June 7, 1910.    Decided April 11, 1911.

APPEAL AND ERROR—*Decisions Reviewable—Finality of Determination.*
  A decree sustaining the demurrer of plaintiff to a petition or answer of defendant, filed after final decree, seeking a decree against plaintiff for sums alleged to have been expended in drilling, equipping, and operating an oil well on plaintiff's land, but which decree does not finally dispose of such petition, is not final, and an appeal from such decree will be dismissed as 'improvidently awarded. (p. 137).

Appeal from Circuit Court, Monongalia County.

Suit by Solomon Myers against John E. Carnahan and others. Decree for plaintiff, and defendants appeal.

*Dismissed and Remanded.*

*W. S. Meredith* and *Edmond Englert,* for appellants.

*Moreland, Moreland & Guy* and *S. F. Glasscock,* for appellee.

MILLER, JUDGE:

This appeal is a sequel to *Myers* v. *Carnahan,* 61 W. Va. 415. On the former appeal we affirmed the decree below in favor of plaintiff, adjudging that a certain lease for oil and gas purposes, executed by plaintiff to O. C. Bradley, October 12, 1899, was fully terminated and ended from and after October 12, 1904, and that the title of the plaintiff to the oil and gas in controversy be quieted; and that defendants and other persons be enjoined and inhibited ,from extracting the petroleum oil and gas from plaintiff's land, described in said lease, and from committing further acts of irreparable injury thereto. Said decree, on motion of the plaintiff, also provided, that the cause be retained upon the docket for further proceedings contemplated by the plaintiff, to adjudicate, settle and determine questions in regard to rents and profits, and damages to the real estate.

After affirmance of that decree, and the cause had been remanded to and redocketed in the circuit court, the defendants

presented in that court, what they call their petition, or second amended and supplemental joint and several answer, in which, upon the allegation made therein, they represent that they are advised and believe they are entitled to recover from the plaintiff, defendant thereto: "First, the value of all property of every character and kind owned by these defendants upon the lands of plaintiff on the 12th day of October, 1904; second, the value of all property of ever character and kind thereafter placed on said land and used in the drilling of said well together with the amount of money expended in drilling, and completing said well after the said 12th day of October, 1904; third, the amount of all moneys expended by these defendants in caring for the well drilled on said premises as aforesaid together with the value of tools, machinery and fixtures placed thereon for said purpose."

The decree appealed from overruled plaintiff's objections and exceptions to the finding of said petition and answer, and ordered that the same be filed, and recites that, plaintiff thereupon entered his demurrer thereto, alleging that the same was not sufficient in law; and the court having maturely considered said demurrer, adjudged only that the plaintiff's said demurrer be sustained. There was no leave given to amend, and there was no decree dismissing said petition for failure to amend or on other grounds.

It has been many times decided by this Court that a judgment or decree which on demurrer sustained does not finally dispose of a suit or action is not final, and that no writ of error or appeal will lie from this Court thereto. *Kirk* v. *Camden Interstate Railway Co.,* 66 W. Va. 486; *Barker* v. *Stephenson,* 67 W. Va. 490, 68 S. E. 113; *Bower* v. *Virginian Ry. Co.,* 68 W. Va. 629, 70 S. E. 369, and cases cited.

We therefore dismiss the appeal as having been improvidently awarded, and remand the cause to the circuit court for such further proceedings as the appellant may be advised to take.

*Dismissed and Remanded.*