# CHARLESTON.

ARMENTROUT *et al.* v. LAMBERT.

Submitted February 6, 1917.　　Decided February 13, 1917.

1. APPEAL AND ERROR—*Construction of Judgment—Nil Capiat—Nonsuit.*

Where a declaration in assumpsit contains the common counts and also a second or special count, and there is a demurrer thereto and to each count, which is overruled as to the first or common counts and sustained as to the second or special count, and leave is given to plaintiffs to amend, and the declaration is amended by adding a third count more distinctly stating plaintiffs' cause of

action, which is also demurred to, and the order thereon is that the demurrer thereto be sustained, and reciting that the plaintiffs not desiring to further amend their declaration, it is further ordered that their declaration be and the same is thereby dismissed, and that defendant recover his costs, the judgment of dismissal properly construed with reference to the previous proceedings is not a final judgment of nil capiat, but amounts simply to a non suit, subject to the rule of practice applicable thereto.   (p. 603).

2.  WRIT OF ERROR—*Dismissal.*

    If a writ of error be allowed to such judgment of dismissal it should be dismissed as improvidently awarded, without costs to either party.  (p. 604).

Error to Circuit Court, Randolph County.

Action by C. L. Armentrout and another against L. D. Lambert.   Judgment for defendant, and plaintiffs bring error.

*Writ of error and supersedeas dismissed as improvidently awarded.*

*A. M. Cunningham* and *Neil Cunningham,* for plaintiffs in error.

*J. W. Harman,* for defendant in error.

MILLER, JUDGE:

The first point of the syllabus sufficiently states the facts appearing in the record.   It is apparent that the court did not intend to finally dismiss plaintiffs' action, and to reverse its previous holding in reference to the first or common counts in assumpsit, which was concededly good on its face.

To be final and subject to review on writ of error in this court the judgment should be that the case be dismissed without day, or that the plaintiff take nothing by his suit, or otherwise refer to the disposition made of the subject matter. *DeArmit* v. *Town of Whitmer,* 63 W. Va. 300, and cases cited; *Bower* v. *The Virginian Ry. Co.,* 68 W. Va. 629; *Myers* v. *Carnahan,* 69 W. Va. 136.

A well recognized exception to the general rule is where the judgment abating or dismissing the suit is upon grounds precluding further proceedings, as for want of jurisdiction, etc.   In such cases the judgment or order is appealable.   *Un-*

*derwood Typewriter Co.* v. *Piggott,* 60 W. Va. 532; *Carson* v. *Insurance Co.,* 41 W. Va. 136.

And our decisions say that when a writ of error has been allowed to such an order or judgment wanting in finality it will be dismissed as having been improvidently awarded. *DeArmit* v. *Town of Whitmer, supra.*

The judgment here, therefore, will be that the writ of error be dismissed as having been improvidently awarded, but without costs to either party incurred in this court.

*Writ of error and supersedeas dismissed as improvidently awarded.*