# CHARLESTON.

HATFIELD *v.* HATFIELD.

(No. 6676)

Submitted May 14, 1930. Decided May 20, 1930.

*W. E. R. Byrne,* for appellant.
*Coleman A. Hatfield,* for appellee.

Woods, Judge:

The questions raised by this appeal are purely procedural. The evidence is not before this court. This situation makes a rather full statement of the steps taken necessary.

T. S. Hatfield instituted a suit for divorce from his wife, Sadie Hatfield, in November, 1928. In the bill he charged his wife (appellant herein) of having committed adultery with divers men, and asked the custody of their three children. At the January term following, the appellant filed an answer in the nature of a cross-bill in open court, and at the same time, a petition and motion under section 1, c. 128, Code, for the removal of the cause to another circuit, the ground for such removal being fully set out in said petition, which was verified by her affidavit. On February 21, 1929, the plaintiff filed in open court a paper designated "The reply of T. S. Hatfield to the petition of Sadie Hatfield," praying, among other things, that the cause be referred to the divorce commissioner of Logan county, and that he be directed to take and return all testimony in said cause, whether the same be taken before him or a divorce commissioner in some other county, and that such divorce commissioner to whom the report was directed be instructed further to report all such testimony pertaining to the suit back to the circuit court of Logan county.

Sadie Hatfield, having failed in her effort to employ counsel in Logan county, employed a Charleston attorney, who entered into correspondence with plaintiff's attorney, who resided at Logan, concerning the divorce proceedings. By letter of February 20, 1929, counsel for the plaintiff informed opposing

counsel that he was filing a general replication to the answer in the nature of a cross-bill, and also a reply to the petition for removal, saying: ''The plaintiff expects to resist the motion for a removal of this cause from Logan County, and I would like to agree with you on a time for arguing this motion before our circuit court.'' The Charleston attorney's reply was to the effect that he concurred in the suggestion, as to the argument of the motion, that he ''had no doubt that a time for the argument could be agreed upon,'' and requested an early reply. According to counsel for the appellant, he heard nothing more from the case until April 2, 1929, when, upon communicating with the attorney for the plaintiff by long-distance telephone with the intention of arranging with him a time for the argument of his motion for removal, he was met by the latter with a statement to the effect that the case had been tried the night before, and that a decree had been entered granting to the plaintiff a divorce.

On April 6, 1929, the appellant's attorney filed a motion and petition in writing, asking that said decree be set aside, and that, upon the same being done, the court would remove the cause to another circuit as prayed for in the former motion and petition. An order was entered April 20, 1929, refusing to set the decree aside.

The decree of April 2, 1929, brings the case on to be heard upon plaintiff's bill, the exhibits thereto, and the evidence taken on plaintiff's behalf in chambers, and omits any reference to the appellant's answer and cross-bill and her motion and petition for a removal of the cause filed as aforesaid. In her cross-bill the appellant had alleged that she had been driven from her home by the plaintiff and rendered homeless and destitute of funds for her livelihood; that the plaintiff was a man of great wealth, and had a large annual income, and prayed the court to grant her an order directing the plaintiff to provide a sufficient fund for her maintenance pendente lite, and to enable her to make her defense against the bill filed by the plaintiff and to prosecute her cross-bill for divorce. After an appeal had been allowed to this court, appellant's counsel again moved the circuit court of Logan county to enter an order requiring the plaintiff to provide necessary funds for

printing the record and other expenses incident to prosecuting such appeal, but the court made no order therein concerning such motion. On motion she was granted leave under the statute by this court to have the cause heard on the original papers.

The issues involved in the case and raised in the court below were as follows: (1) The removal of the cause to another jurisdiction; (2) the allowance of alimony and suit money, as prayed for in the cross-bill; (3) the right of the trial court to hear and determine the main issue, without first having passed on the question of removal and without having first made provision for alimony and suit money; (4) the right of the trial court to hear and determine the cause in chambers, without actual notice to the appellant or her counsel under the circumstances disclosed by the record; and (5) plaintiff's right to any decree of divorce. The foregoing will be taken up in their stated order.

Under our Code, c. 128, § 1, it is provided that, upon motion of any party to a suit in a circuit court, the said court may, for good cause shown, order it to be removed to any other circuit court. The circuit court exercises a discretion in making such removal, but this action is reviewable by the appellate court. *Railway* v. *Applegate*, 21 W. Va. 172. While this power is sparingly applied by circuit courts, the action or nonaction of such a court is seldom interfered with here. In the instant case the petition for removal, verified by appellant's own affidavit, was filed in open court on the same day that the answer and cross-bill were filed. It was the duty of the court to have acted upon the motion to remove the cause. It is in accordance with the principle and analogy that it should do so. If the court had acted upon the application for removal, under the rule announced in the *Railway* v. *Applegate* case, such action would have been appealable. It is apparent, however, that it simply refused or failed to take any action in the matter one way or the other. In 2 Cyc. p. 539, we find the rule stated that the mere refusal of a judge or court to take any action is not ordinarily appealable, the remedy in such case being in mandamus, citing as sustaining this position, *Greehn* v. *Shumway*, 73 Cal. 263, 14 P. 863; *Mayall* v. *Burke*, 10 Minn.

285 (Gil. 224) ; *Ladue* v. *Spalding,* 17 Mo. 159; *Maxwell* v. *Caldwell,* 72 N. C. 450, and other cases. While the matter was urged by the appellant on the 20th of April, 1929, that is not the decree relied upon here. That order amounted to a motion merely to set aside the decree of April 2, 1929. It is the last-mentioned decree that is the crux of this case.

As hereinbefore shown, the appellant filed her answer denying every material averment of the plaintiff's bill, and her cross-bill, charging the plaintiff with sundry and specific acts of adultery, as well as cruel and inhuman treatment of the defendant, and with having deliberately and forcibly caused her to be driven from the home of herself and the plaintiff on the 18th day of November, 1928, on which date the plaintiff in his bill avers he and the defendant separated. There is no pleading filed which traverses the averments of defendant's cross-bill. There is no special reply in writing, as required perforce section 35 of chapter 125 of the Code; hence the petitioner's cross-bill would be taken for confessed and the court required to grant the relief therein prayed, but for section 8 of chapter 64 of the Code, which provides that a bill for divorce shall not be taken for confessed, and that the case shall be tried and heard independently of all admissions in the pleadings or otherwise. However, the fact that the plaintiff does not now deny, and therefore admits, the charges of acts of adultery and cruelty in the cross-bill, will, if not denied, preclude him from the relief prayed for in his bill, albeit under the statute it would not entitle the appellant to a decree of divorce, for the reason that it establishes prima facie the fact that the plaintiff himself has been guilty of inequitable and improper marital conduct. This doctrine is well supported by our decisions. *Edwards* v. *Edwards,* 106 W. Va. 446, 145 S. E. 813; *Murrin* v. *Murrin,* 94 W. Va. 605, 119 S. E. 812; *Hamilton* v. *Hamilton,* 87 W. Va. 534, 105 S. E. 771.

The status of the case, therefore, at the time the decree complained of was entered, was that the plaintiff in his bill made certain charges of infidelity against the defendant, which by her sworn answer she denied; and by her cross-bill she charges the plaintiff with acts of infidelity and cruelty, which the plaintiff wholly fails to deny.

So far as the removal of the case was concerned, the case of the appellant rested upon her sworn petition. The plaintiff, in his special reply to the appellant's cross-bill and motion to remove, denied many of the statements of the appellant, but this reply was not sworn to, hence it has no probative value. There is no denial of any of appellant's claims in her petition. She made at least a prima facie case for removal. There are divers affidavits resisting her motion, but, while such affidavits show them to have been sworn to at dates anterior to the hearing and entry of the decree of April 2, 1929, there is no record of their having been filed in any way, and the fact that they have been transmitted here with the other papers by the clerk does not make them a part of the record. *Building, etc., Association* v. *Westfall*, 55 W. Va. 305, 47 S. E. 74. So we cannot consider them. But counsel for plaintiff in his brief states that the court was informed by a brother of the plaintiff that the appellant had abandoned her suit and would not be present at the trial, and that it was for this reason that the court permitted the case to be heard. This statement finds support in the petition of the appellant for a removal of the case. This act induced the error. In view of this fact, this court, while of opinion that it was error to try the case without acting upon appellant's motion for removal, which had been seasonably made, will reverse the entire decree, for this and other errors set out herein, with direction that the circuit court will provide by proper order such funds as shall be sufficient to pay counsel fees and other costs incident to a determination of the question of removal and for support of the appellant in the meantime.

The decrees of April 2 and 20, 1929, are, for the reasons heretofore given, reversed, and the cause remanded.

*Reversed and remanded.*