DONALD J. SHAY *et al. v.* RINEHART & DENNIS COMPANY, *Inc., et al.*

(No. 8082)

Submitted January 15, 1935. Decided January 22, 1935.

*Brown, Jackson & Knight,* W. L. *Lee* and *Dillon, Mahan & White,* for plaintiffs in error.

T. C. *Townsend,* E. S. *Bock* and *Ben Moore,* for defendants in error.

MAXWELL, JUDGE:

On writ of error awarded the defendants, there is attempted to be presented for review the action of the circuit court of Fayette County transferring certain law actions to Kanawha County for trial.

Sixty cases were transferred. About two hundred remain in Fayette. All are actions for damages for personal injuries alleged to have been sustained by the respective plaintiffs on account of their contracting, through negligence of the defendants and their agents, the disease, silicosis, while they were employees of the defendant, Rinehart & Dennis Company, Inc., in the construction of a tunnel for the transportation of water incident to a power project in Fayette County of defendant, New-Kanawha Power Company, a corporation.

The order granting a change of venue was based on petition of Donald J. Shay and fifty-nine other plaintiffs alleging, first, great delay in reaching trial on account of the pendency of the large number of almost identical cases in the circuit court of Fayette County; and, second, disagreement of the juries in two of such cases already tried in said court.

The initial question is whether an order granting change of venue, standing alone, is reviewable by an appellate court. To this inquiry, for reasons to be stated, the answer must be negative.

Our statute on removal of causes authorizes change of venue ''for good cause shown''. Code, 56-9-1. Though the statute was amplified by the Code of 1931, it is basically the same as it had been for decades prior to the re-enactment. In granting or refusing change of venue, a trial court exer-

cises a reviewable discretion. Such review has frequently been made by this court, but always in cases wherein there was final judgment. *Ingersoll* v. *Wilson*, 2 W. Va. 59; *Railroad* v. *Applegate*, 21 W. Va. 172; *State* v. *Sheppard*, 49 W. Va. 582, 39 S. E. 676; *State* v. *Weisengoff*, 85 W. Va. 271, 101 S. E. 450; *State* v. *Powers*, 91 W. Va. 737, 113 S. E. 912; *Proudfoot* v. *Transportation Co.*, 100 W. Va. 733, 132 S. E. 746; *Hatfield* v. *Hatfield*, 109 W. Va. 212, 153 S. E. 493.

It is the general rule of other jurisdictions that the action of a trial court in granting or refusing a change of venue does not alone afford initial basis for review. 3 Corpus Juris, p. 473; *Brust* v. *Bank*, 176 Wis. 14, 186 N. W. 214; *Barry* v. *District Court*, 167 Iowa 306, 149 N. W. 449; *Jones* v. *Ins. Co.*, 83 Kan. 682, 112 P. 826; *Taylor* v. *Grand Lodge*, (Minn.) 107 N. W. 545.

But we look not alone to the decisions of other jurisdictions in respect to this matter. Other considerations likewise are cogent in support of the view herein maintained.

The statute prescribing the appellate jurisdiction of this court limits the right of review (except in specified instances) to matters wherein there has been entered by the trial court ''a final judgment, decree or order.'' Code, 58-5-1. An order granting or refusing a change of venue does not constitute a case coming within any exception of the statute, nor does it embrace the element of finality. While it is true that ordinarily a judgment or decree abating or dismissing a cause upon grounds precluding further proceedings is reviewable (*Armentrout* v. *Lambert*, 79 W. Va. 602, 91 S. E. 452; *Underwood Typewriter Co.* v. *Piggott*, 60 W. Va. 532, 55 S. E. 664; *Carson* v. *Ins. Co.*, 41 W. Va. 136, 23 S. E. 552), that principle is not applicable to the situation at bar, because an order granting a change of venue in nowise terminates the proceedings. No litigable matter is adjudicated; the cause goes on. The order merely changes the forum.

Practical considerations bearing on the administration of justice would weigh heavily against the appealability of orders granting or refusing change of venue. Were they appealable, standing alone, there would thereby be opened a broad avenue for delay and imposition. Not only defendants

in criminal cases, but in civil causes hesitant plaintiffs and recalcitrant defendants would soon learn that the trial court's refusal of a well-timed motion for change of venue would afford convenient basis for suspension of proceedings pending review.

The trial court's order changing the venue being non-appealable, it follows that points of error relied on by the defendants (plaintiffs in error) cannot be considered.

For reasons stated, the writ of error will be dismissed as having been improvidently awarded. *Armentrout* v. *Lambert,* 79 W. Va. 602, 91 S. E. 452.

*Dismissed.*