# IN THE MATTER OF THE ESTATE OF CHARLES M. WHITE.

PROBATE JUDGE INTERESTED IN AN ESTATE.—A Probate Judge who has a power of attorney from any of the persons claiming to be heirs of the deceased, authorizing him to receive for them any money or property to which they might be entitled from the estate, and also letters offering him a percentage upon said proceeds coming to said alleged heir, is interested in the estate, and cannot act as Judge in any matter pertaining to such estate, except to arrange the calendar or change the venue.

CHANGE OF VENUE IN PROBATE COURT.—When the Probate Judge is interested in an estate, or in money coming to the heirs therefrom, he has no jurisdiction to act as Judge therein, and should grant a change of venue. It is no excuse for refusing a change of venue in such case to say that the Judge decided correctly upon the matter before him after refusing such change of venue.

APPEAL from the Probate Court of Lassen County.

On the 5th day of August, 1867, letters of administration on the estate of Charles M. White were issued to John R. Lockwood, who duly entered upon the duties of his trust, and was such administrator at the times hereinafter stated. August 5th, 1868, said administrator filed his annual account, in which it was shown that there was an unsettled claim against the estate made by one G. H. Dobyns, for four hundred dollars, and that a suit was pending on said claim in the District Court for Lassen County, which suit was still pending at the times hereinafter stated. September 8th, 1868, Joseph White and others, claiming to be the only heirs of the deceased, filed in the Probate Court a petition for a settlement and distribution of said estate. On said eighth day of September, said Probate Judge made an order calling a special term of said Probate Court on the 12th day of September, 1868, to hear said petition, and ordering that three days notice be given to the administrator. On said twelfth day of September the Court met, and the administrator applied for a change of venue upon the affidavits mentioned in the opinion of the Court. The Court overruled the motion. The administrator then filed an answer to the petition. A demurrer was interposed to the answer, which

was sustained by the Court. The Court then adjourned until the 14th day of September, 1868, and on the last named day made a final settlement and distribution of the estate. The administrator appealed.

The other facts are stated in the opinion of the Court.

*John S. Ward,* and *John Lambert,* and *Haymond & Stratton,* for Appellant.

A Judge cannot act as such in a proceeding in which he is interested. (Stats. 1863, p. 333.)

Upon the Probate Judge's judgment in this action depended his right to receive the money and his right to the compensation. He must determine whether the persons who gave him the power of attorney were the heirs, and unless he determined this affirmatively, he received no money from the administrator.

A good test to determine whether a Judge is interested is to apply the rules of the common law relating to the competency of witnesses on the ground of interest. (*McCall* v. *Smith,* 2 McCord, 375; *Brown* v. *O'Brien,* 1 Richardson, 268.)

*Wm. R. Harrison,* and *Thomas E. Hayden,* and *Beatty & Denson,* for Respondents.

Perhaps the Judge did not see fit to accept the trust; or even if he did, he might not charge anything for receiving the money.

The question of interest is one of fact, which the Judge must determine, and if he possesses within himself a knowledge of the facts, he need not descend from the bench and file counter affidavits. In this case he has passed on the fact. Even if the Judge was attorney in fact for the heirs, his decree would not be reversible for technical error, unless injury resulted therefrom. (*David Cottle, appellant, etc.,* 5 Pick. 484, and 3 Comst. 551.) In this case no other decree could have been rendered.

By the Court, RHODES, J.:

It appears by the affidavit filed in support of the motion for a change of venue in this cause, that when the proceedings were instituted the Probate Judge held a power of attorney from certain persons claiming to be the heirs at law of the deceased, authorizing him to receive for them all moneys and property which they might be entitled to from the estate of the deceased; that he also received a letter from those persons, in which they offered him a percentage upon the proceeds of said estate coming to them, upon a settlement thereof, and that these proceedings were instituted, as the affiant was informed and believed, at the instance and upon the advice of the Probate Judge. These affidavits are uncontradicted. The Act concerning Courts of justice and judicial officers (Stats. 1863, p. 343, Sec. 66) provides that "a Judge shall not act as such in any of the following cases: first, in an action or proceeding to which he is a party, or in which he is interested." The proposition that a person bearing this relation to the parties to the proceeding, and occupying this position in respect to the subject matter of the controversy, is interested in the proceeding, is to our minds too clear to require argument.

We will content ourselves with citing *Oakley* v. *Aspinwall*, 3 N. Y. 547, in which the reasons and the sound policy of the rule excluding a Judge from sitting in a case in which he is interested, or where he is related to either party, are ably discussed and vindicated. It is no answer to the disqualification arising from interest in the proceedings to say that the decision in the cause was correct. The statute does not say that the Judge is disqualified to decide erroneously, but that he shall not decide *at all*, except to arrange the calendar and the order of business, or to change the venue.

Judgment reversed and cause remanded, and ordered that the remittitur issue forthwith.