W. H. Jones, *Appellee,* v. The Williamsburg City Fire Insurance Company, *Appellant.*

No. 16,763.

### SYLLABUS BY THE COURT.

1. Change of Venue—*Disqualification of Judge—Waiver of Erroneous Denial of Application.* When an application for a change of venue on the ground of the disqualification of the district judge has been formally presented and fully considered, and has been erroneously denied, the applicant does not waive the error by neglecting to interpose an objection to going to trial when the case is reached at the next succeeding term of court.

2. —— *Same.* A stipulation that a cause shall be submitted to the court and the same jury that tried a companion case, upon the same evidence and instructions, verdict to be returned and judgment rendered the same as if all the steps of a trial had been taken, does not waive the error of the court previously committed in denying an application to change the venue because of the disqualification of the district judge.

3. Practice, Supreme Court — *Immaterial Error — Denial of Change of Venue by Disqualified Judge.* If upon appeal to this court the record of the proceedings shows with reasonable clearness that the judgment rendered expresses the only result which could be rightfully reached, the defeated party has not been prejudiced in his substantial rights because his motion to change the venue was denied and he was obliged to go to trial before a disqualified judge.

4. —— *Presumed Prejudice—Denial of Change of Venue by Disqualified Judge.* Generally, prejudice will be presumed from the erroneous denial of an application to change the venue because of the disqualification of the district judge;

Jones v. Insurance Co.

but the presumption is subject to the limitation that it must appear from the record that there is a substantial controversy to be determined, the result of which may be detrimentally affected by the officiating of the objectionable judge.

5. ——— *Immaterial Error — Denial of Change of Venue.* Under the facts stated in the opinion it is held that the error of the trial court in refusing to change the venue of this case is not sufficient to warrant a judgment of reversal.

Appeal from Franklin district court.    Opinion filed January 7, 1911.    Affirmed.

*Eugene S. Quinton, M. A. Fyke, E. L. Snider,* and *W. B. Pleasant,* for the appellant.

*F. M. Harris, Hale H. Cook,* and *Wilbur S. Jenks,* for the appellee.

The opinion of the court was delivered by

BURCH, J.: In November, 1908, a stock of merchandise at Ottawa, Franklin county, Kansas, belonging to the appellee, W. H. Jones, was destroyed by fire.  The appellee was insured against loss by a number of insurance companies, and in due time he brought suits to recover upon the policies.  The case of *Jones v. The American Central Insurance Company* was tried in April, 1909, with the result that a judgment was rendered in favor of the plaintiff.  On appeal to this court the judgment was reversed because an application for a change of venue, based upon the disqualification of the judge of the district court of Franklin county, was denied.  (*Jones v. Insurance Co.,* ante, p. 44.)  On September 22 and 23, 1909, the cases of *Jones v. The Westchester Fire Insurance Company* and *Jones v. The Prussian National Insurance Company* were tried and verdicts were returned in favor of the plaintiff.  The cases of the same plaintiff against the *Williamsburg City Fire Insurance Company, The Concordia Fire Insurance Company, The Firemen's Fund Insurance Company* and *The Mercantile Fire & Marine Insurance Company*

were then submitted to the jury which heard the Westchester company's case, under stipulations which read in part as follow:

"It is hereby stipulated and agreed that the above-entitled cause shall be submitted to the court and the same jury that tried the case of *W. H. Jones v. The Westchester Fire Insurance Company* on September 22, 1909, upon the same evidence offered in that case, and that the court shall instruct the jury upon the same evidence submitted in that cause except as hereinafter provided, as though it had actually been verbally given in this cause, and that the same jury before which the said cause of *W. H. Jones v. The Westchester Fire Insurance Company* was tried shall consider the evidence and instructions of the court as though such evidence and instructions were actually given verbally and read in this cause, and shall deliberate upon the same and render a verdict upon such evidence and instructions as though actually given verbally and read in this cause to said jury, and if the finding be in favor of the plaintiff, the jury shall determine from the policy sued on in this case and the evidence given in said cause above referred to, and the instructions of the court, the amount due to the plaintiff under the policy sued on in this case, and that judgment shall be rendered accordingly."

In these cases verdicts were returned in favor of Jones. Judgments were rendered in his favor in all the cases, and the various insurance companies appeal. In this court the four cases which went to the jury under the stipulation referred to have been consolidated. The six cases may be disposed of, however, by one opinion.

On July 27, preceding the trials, applications to change the venue were denied. The grounds stated were those which were considered in the case of *Jones v. Insurance Co.*, ante, p. 44. In several of the cases Jones filed an affidavit stating that he was able to pay his indebtedness to the First National Bank of Ottawa, amounting to $6000, independently of the result of the litigation with the insurance companies, and

consequently that the bank would not be affected should he lose. The affidavit did not remove the disqualification of the district judge. Optimistic general statements of this kind, relating to one's resources, do not go very far in the business world. The adage is that "the eye of the master fatteneth the ox." Its truth is illustrated by the fact that Jones was adjudged to be a bankrupt within a few months after his affidavit was filed. It does not appear from the affidavit, or otherwise, that the bank had been relieved of anxiety concerning the means and ability of Jones to discharge his indebtedness, and the proof was that this very matter had been the subject of discussion between the officers of the bank and its legal adviser, the trial judge, who was also a stockholder and officer of the institution, drawing an annual salary from it. It is not necessary to add anything to what was said in the opinion in *Jones v. Insurance Co.*, ante, p. 44. A change of venue ought to have been granted in each of the cases.

The insurance companies rely for reversal upon the refusal of the court to change the venue, and upon nothing else. The appellee argues that the error was impliedly waived because no objection to proceeding further was interposed when the cases were reached for trial. Some authorities are cited to support the claim. Those from this state are easily distinguishable. For various reasons those from other states are not controlling. The subject of a change of venue had been formally presented and fully considered. The district judge, acting conscientiously upon his best judgment, believed it to be his duty to preside at these trials. He so decided, exceptions were duly noted, and the proceeding was spread upon the record. No new fact or circumstance intervened to change the situation, and there was no occasion to reopen the subject and require the court to rule upon it again. An objection of the kind suggested had no function whatever to perform, consequently was not essential to preserve the rights of

the parties, and if made would have had something of the appearance of nagging the court.

The appellee further insists that the stipulations referred to constituted express waivers of the disqualification of the judge in the cases in which they were filed. These stipulations related solely to the manner in which the cases should be submitted, and it would be a gross misinterpretation of them to impress them now with a different purpose.

Finally, the appellee asserts that the error committed in refusing to change the venue was harmless. The defense of the insurance companies was that the appellee had not complied with the conditions of his policies, that he was not the owner of the property burned, that he had not sustained loss to the amount claimed, that he had procured the policies through gross misrepresentation of the amount and value of the property insured, and that he had concealed and falsely misrepresented other material facts. At the trials the appellee produced evidence amply warranting recovery. The record is remarkably free from objections relating to evidence. The few which were made were inconsequential. The appellee was the chief witness in his own behalf and was cross-examined at length. No evidence was offered by the appellants, and the cases went to the jury upon simple and clear instructions, against which nothing can be urged. The verdict in each case was the necessary result of the trial, and would not have been allowed to stand had it been otherwise. No trial errors of any kind are assigned or could be sustained in this court.

In the case of *Robinson v. Melvin,* 14 Kan. 484, the court was called upon to review an order discharging an attachment. A portion of the opinion reads as follows:

"One other question is raised by counsel. After the dissolution of the attachment plaintiff moved to have the order dissolving the attachment set aside and the matter referred to a judge *pro tem.* on the ground of

the interest of the judge, and in support of such motion
filed an affidavit alleging that subsequent to the disso-
lution he had ascertained that the judge was security
for defendant on a past-due note of $125, and that
while the motion to dissolve was pending before him he
had received from defendant a chattel mortgage on a
span of horses worth not over $120 to indemnify him.
We have taken this case as if originally presented to
us, and considered it independent of any prior ad-
judication, because even though the judge was disquali-
fied by reason of interest it would be wrong to the
parties to remand it for examination before a judge
*pro tem.* if it was reasonably clear to us that the at-
tachment ought upon the evidence to have been dis-
charged.    That would be simply making additional
costs with the same ultimate result.    We do not mean
to decide that the judge was actually disqualified by
interest, the showing having been entirely *ex parte;*
but we can not forbear remarking that it is the duty,
as it is generally the wish of a judge, to avoid sitting
in judgment upon questions in which he has a direct,
even though slight, pecuniary interest." (p. 488.)

The conclusion to be drawn from this decision is that
when upon an appeal to this court the record of the
proceedings shows with reasonable clearness that the
judgment rendered expresses the only result which
could rightfully be reached, the defeated party has not
been prejudiced in his substantial rights because his
motion to change the venue was denied and he was
obliged to go to trial before a judge who was dis-
qualified.

The statute gives no right to an appeal immediately
upon the denial of a change of venue.    The trial must
go on, and not until after final judgment has been ren-
dered does an appeal lie.    Shocking as the notion of a
trial before an interested, prejudiced or otherwise dis-
qualified judge may be, the law is practical and will not
compel another trial merely to gratify a sentiment or
to uphold a principle.    If the party applying for the
change of venue should win the case he is not per-
mitted to say that his substantial rights were pre-

judicially affected by the erroneous ruling. If the facts should be agreed to and the judgment which the law requires should be pronounced upon them, no possible injury could follow from the refusal to change the venue. Many other situations can be imagined in which a ruling of the kind complained of would be harmless, and if the record should show that the party applying for the change had no defense to a well-proved, meritorious cause of action, it would be to indulge litigiousness at the expense of justice to remand the cause in order that the same adverse result might be stated in another court. Ordinarily, therefore, it is unavailing for a party, on appeal, to stand upon a well-grounded motion for a change of venue. If he brings up nothing but the ruling on his motion and the final judgment against him, the court can not say that prejudicial error is made manifest. It is true that the baneful influence of a biased or otherwise disqualified judge upon the proceedings can not be made to stand out upon a printed record. The embarrassment and constraint under which party and counsel rest in developing their case before one not authorized to hear it is often sufficient to place them at an unfair disadvantage. Therefore the statement that prejudice will be presumed when a change of venue is improperly denied is generally true. But it is true only with this limitation: It must appear from the record that there is a substantial controversy to be determined, the result of which may be detrimentally affected by the officiating of the objectionable judge.

In the cases under review the only serious dispute is that made by the pleadings. There is none of moment in the evidence. The plaintiff has been severely cross-examined, his demeanor on the witness stand has been observed by several juries, his proof of a right to recover is always abundant, and the result is always the same. The good faith of the insurance companies in contesting the losses is not questioned, but after sev-

Jones v. Insurance Co.

eral opportunities nothing whatever has been produced by way of defense. If they have a defense, enough of it should have been disclosed to show with reasonable clearness that it ought to be considered in another forum.

The precedent of *Robinson v. Melvin,* 14 Kan. 484, has everything to commend it, and the court is far within the principle it enunciates in holding that the error of the trial court in refusing to change the venue of these cases is not sufficient to warrant a judgment of reversal. The doctrine of harmless error here given controlling effect was not urged in opposition to a reversal in the case of *Jones v. Insurance Co.,* ante, p. 44.

The judgment of the district court is affirmed, and an order of affirmance will be entered in each of the five companion cases.

SMITH, J. (dissenting) : The argument for and against affirming the judgment is fairly and well stated by Mr. Justice Burch in the opinion, but I can not regard the case of *Robinson v. Melvin,* 14 Kan. 484, as very pertinent to the question. In that case the application was made to set aside a judgment and to refer to a judge *pro tem.,* on the ground of the interest of the judge. The showing, *pro* and *con,* was by affidavits. This court examined the question, independently, upon the affidavits, and it appeared that the judge had a very slight interest, if any, to be served by his ruling, and, in fact, that he had no interest, as there was abundant property to protect his rights aside from that involved in the suit. Our statutory provision is but the reenactment of the common law on this subject—in fact, but a recording, in form of law, of the common sentiment of the civilized world.

Issues were raised by the pleadings, and I think the defendant might well have rested upon its right to an impartial hearing without attempting to make a defense by evidence. At any rate I am inclined to the

view that the public question should be of controlling importance in the case, and that a trial judge should not be permitted to try his own case, even if he does so without committing any error and arrives at the proper decision.   To maintain the confidence of the public in the absolute impartiality of the courts I regard as of the first consequence, greater even than the rights of the party in a particular case.

"The purpose of the law is that no judge shall hear and determine a case in which he is not wholly free, disinterested, impartial and independent." (*Tootle v. Berkley*, 60 Kan. 446, syllabus, ¶ 1.)

PORTER, J. (dissenting) :   A party is presumed to have been prejudiced who has been denied the right, guaranteed by the statute, by the common law and by every principle of justice, to a trial before a judge in no way personally interested in the result of the litigation.   Many courts have held that the presumption of prejudice is conclusive. (*Hewitt and others v. Follett, imp.*, 51 Wis. 264; *Evans v. Evans*, 105 Ind. 204, 211; *Ferguson v. Davis County*, 51 Iowa, 220, 224; *Estate of White*, 37 Cal. 190; *Oakley v. Aspinwall*, 3 N. Y. 547.   See, also, *Powers v. Reynolds*, 89 Ky. 259, 262.)

In the opinion in *Estate of White,* supra, it was said :

"It is no answer to the disqualification arising from interest in the proceedings to say that the decision in the cause was correct.   The statute does not say that the judge is disqualified to decide erroneously, but that he shall not decide *at all,* except to arrange the calendar and the order of business, or to change the venue." (37 Cal. 192.)

Our statute is not worded the same as that of California, but beyond question means precisely the same thing.   The result of the doctrine declared in the majority opinion is that a judge who is interested in a case may deny an application for a change of venue on that ground and proceed with the trial as if he were in every respect competent, and, if he succeeds in trying

the case without error, the judgment must be affirmed. This, in my opinion, exalts the doctrine that reversible error must appear to have been prejudicial above a principle which is of far greater importance to the profession and to society, and which was said by the court in *Oakley v. Aspinwall*, supra, "is necessary in order to preserve the moral dignity of courts and the due administration of justice." (3 N. Y. 554.) There doubtless are rare instances, as in *Robinson v. Melvin*, 14 Kan. 484, where it conclusively appears that no prejudice could have resulted to the party complaining, and where, under the peculiar circumstances, the court might be justified in affirming the judgment notwithstanding the error of the court in denying the application for a change of venue. Thus, if in an affidavit for attachment the only grounds relied upon were that the defendant was a foreign corporation, and there was record evidence (upon which we are as competent to pass as the trial judge) demonstrating conclusively that the defendant was a resident corporation, it would perhaps become the duty of the court to disregard the error and affirm a judgment dissolving the attachment; but the doctrine of *Robinson v. Melvin*, supra, which is relied upon in the opinion, ought not to be extended beyond the narrow facts to which it applies. Besides, in this case we can not say that it conclusively appears that the defendants were not prejudiced. They offered no evidence in support of the facts alleged in their answer as a defense to the action. They merely cross-examined the plaintiff, who was the only witness testifying. They were not bound by anything to which he testified on cross-examination, and are in the same situation, in my opinion, as though they had stood upon their right to a trial before a disinterested judge and had refused to offer any testimony. In the case of *Jones v. Insurance Co.*, ante, p. 44, arising on exactly the same state of facts as this case, we held that the court committed error in refusing the change of venue

and that he should not have tried the case. These cases, arising out of the same transactions, were tried before the decision reversing that case was announced. The same question was before the court then, and it was stated in the opinion:

"After the motion for a change of venue was denied, a trial was had to a jury, and no question is raised as to the fairness of the court in its rulings on the introduction of evidence or in giving or refusing of instructions to the jury. Still, the judgment must be and is reversed, and the case is remanded with instructions to grant a change of venue." (p. 52.)

I am satisfied with the correctness of the conclusions arrived at there and am not ready to overrule that case. It is true that our attention was not directed at that time to the case of *Robinson v. Melvin*, 14 Kan. 484, but Mr. Justice Smith, in his dissenting opinion in this case, has noted the distinction between the cases. To say that in a case of this kind the judgment must affirmatively show that the complaining party has been prejudiced is not, in my opinion, a safe rule to establish.

BENSON, J., not sitting.