W. H. JONES, *Appellee*, v. THE WILLIAMSBURG CITY FIRE INSURANCE COMPANY, *Appellant*.

No. 16,763.

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

1. PRACTICE, · SUPREME COURT—*Decision on Question of Law no Trial of Issues De Novo.* The question whether an error occurring in a judicial proceeding materially and prejudicially affects the rights of the party against whom it was committed is one of law and its determination on appeal does not involve a trial of the issues *de novo*.

2. DISTRICT JUDGE—*Disqualification to Sit Not Equivalent to Want of Jurisdiction.* The disqualification of a district judge to sit in the trial of a case is not equivalent to want of jurisdiction and does not deprive him of all power to act except to· change the venue.

3. CHANGE OF VENUE—*Order Denying, Not Appealable Until after Final Judgment.* An order denying an application to change the venue because of the disqualification of the district judge is not an order from which an appeal can be taken at once. It can be reviewed on appeal only after final judgment has been rendered.

Appeal from Franklin district court. Opinion filed July 7, 1911. Reaffirmed. (For original opinion, see 83 Kan. 682.)

*Eugene S. Quinton, M. A. Fyke, E. L. Snider,* and *W. B. Pleasant,* for the appellant.

*F. M. Harris, Hale H. Cook,* and *Wilbur S. Jenks,* for the appellee.

The opinion of the court was delivered by

BURCH, J.: At a former hearing of this appeal the judgment of the district court was affirmed on the ground that prejudicial error was not made to appear. (*Jones v. Insurance Co.,* 83 Kan. 682.) A rehearing was allowed, and it is now urged that the method by which the former conclusion was reached amounted to a trial of the cause *de novo* in this court, and that the court is vested with no such power.

In the case of *In re Burnette,* 73 Kan. 609, it was expressly held that the court does not possess the power which it is claimed was exercised, and no such power has been exercised. The question whether an error occurring in a judicial proceeding has materially and prejudicially affected the rights of a complaining party is one of law and its determination does not in any sense involve a retrial of the issues involved in the proceeding.

It is further urged that the disqualification of a district judge to sit in the trial of a case because of his interest in the result is equivalent to want of jurisdiction and deprives him of all power to act except to change the venue. Some authorities are cited to this effect and the language of some opinions of this court is susceptible of such an interpretation. Thus in the case of *Tootle v. Berkley,* 60 Kan. 446, referring to an order of revivor made by a disqualified judge, it was said:

"No litigant should be compelled to submit the de-

termination of his rights to a judge who has a direct and pecuniary interest in the controversy, and as the order of revivor was made without authority, it is without force or validity." (p. 450.)

As pointed out in the former opinion (*Jones v. Insurance Co.*, 83 Kan. 682), an order wrongfully denying a change of venue is not one from which an appeal can be taken at once. The trial must go on and the order can be reviewed only after final judgment has been rendered. If no appeal be taken the judgment is not void, and if judgment be rendered in favor of the party against whom the error was committed the judgment is not void, as it would be if the judge lost all power to proceed further the moment the erroneous ruling was made.

The members of the court who are qualified to participate in the decision being divided in their views upon the principal question, no further opinon will be expressed.

The judgment of the district court is reaffirmed, and the judgments in the five other cases submitted with this one are reaffirmed.

BENSON, J., not sitting.