No. 22,765.

GEORGE LOCHMANN, *Appellee,* v. W. E. CARUTHERS and J. B. TIMMONS, Partners, doing business under the name of THE PIGGLY-WIGGLY GROCERY STORES, *Appellants.*

### SYLLABUS BY THE COURT.

INJUNCTION — *Denial of Privileges of Lease* — *Jury Trial.* The relief sought was injunction against obstruction to enjoyment of privileges conferred by a lease. On consideration of the facts, it is held the defendant was not entitled to a jury trial, and the relief prayed for was properly granted.

Appeal from Sedgwick district court, division No. 1; RICHARD E. BIRD, judge. Opinion filed December 11, 1920. Affirmed.

*C. A. Matson,* and *I. H. Stearns,* both of Wichita, for the appellants.

*G. A. Stultz,* and *John B. Bryant,* both of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to enjoin obstruction to enjoyment of privileges conferred by a lease. The plaintiff recovered, and the defendants appeal.

The defendants were installing fixtures and otherwise preparing to conduct a Piggly-Wiggly grocery store, in a room which they had leased for that purpose. It occurred to them it would be advantageous to have a meat market in connection with the store, and they sublet to the plaintiff space in the store in the rear of aisle No. 1, for a meat market. The plaintiff was induced to take the sublease by representations of the defendants that all patrons of the Piggly-Wiggly store would be obliged to pass by the plaintiff's counter, and by representations of other benefits and advantages which would accrue by reason of the operation of a meat market in connection with the Piggly-Wiggly store. It was necessary for the plaintiff to have fixtures built specially for the location assigned to him. The fixtures were delivered to the plaintiff, who placed them in the store without objection by the defendants, but when the plaintiff attempted to install them, he discovered the defendants had placed their own fixtures opposite aisle No. 1, where the plaintiff's counter was to stand. The defendants would not permit their fixtures to be moved. The plaintiff had no key to the building, but J. B. Timmons, who acted for the defendants in opposing the plaintiff, testified as follows:

"Mr. Lochmann's fixtures are in the rear of the building, in the southeast corner of the building.

"Q. You refused at that time to allow him to place his fixtures? A. I never refused him to do but one thing.

"Q. What was that? A. Not to move my fixtures.

"Q. You did refuse at that time to place his fixtures in the rear of aisle No. 1? A. There was not anything said about his fixtures. He said, 'I am going to take this out of the way.' I says, 'You are not either.' I told my man in there not to let him move my fixtures."

The man referred to was the contractor who erected the Piggly-Wiggly fixtures. He testified as follows:

"Mr. Lochmann told me to move these fixtures. I had them placed according to the blue print, and I told him I would not do it, and he said, 'I cannot start business here unless these fixtures are moved.' I told him I would not move them until I had further orders."

The sublease contained an agreement that the plaintiff would obey the rules and regulations under which a Piggly-Wiggly store is operated. After making the sublease, the defendants learned that the Piggly-Wiggly corporation, patentee of the Piggly-Wiggly store fixtures, does not allow a meat market to be operated in connection with a Piggly-Wiggly store. The court found as a fact that the plaintiff was put in possession of a portion of the store, and that the defendants were obstructing his use of a portion of the space assigned to him.

The principal assignment of error is that the court denied the defendants a jury trial. The cases of *Bodwell v. Crawford*, 26 Kan. 292, *Atkinson v. Crowe*, 80 Kan. 161, 102 Pac. 50, and *Gordon v. Munn*, 83 Kan. 242, 111 Pac. 177, are relied on. None of them is applicable. In the Bodwell case, a lessee took possession of real estate under a lease from the owner, made by agents. The owner asserted that the agents had authority to collect rents only, and not to lease. From his standpoint, the case was the common one of a trespasser taking unlawful possession of another's land, and he was remitted to an action at law. The court said:

"An action for the recovery of real estate is one in which at common law parties are entitled to a trial by jury. They have a right to the verdict of a jury upon the questions whether plaintiff was owner, whether the defendant was in possession, and whether if so the possession was unlawful. In this very case defendant has a right to the verdict of a jury upon the questions whether Ross & Stillson were general agents of plaintiff and generally authorized to bind him by leases, or were specially authorized to make a lease of these lots without any limitations as to the purposes for which they should be used, and indeed upon every fact essential to plaintiff's right to the possession of the premises.", (*Bodwell v. Crawford*, 26 Kan. 292, 294.)

In the Atkinson case and in the Gordon case, the contest was between rival claimants to ownership, and the real issue was whether the title of one claimant or the other required an award of the property. (*Akins v. Holmes*, 89 Kan. 812, 133 Pac. 849.)

The plaintiff's title under the sublease was not disputed, and his right to possession under the sublease was not disputed. There was no dispute about possession of substantially all the space leased to the plaintiff. There was no dispute about the boundary line between the area leased to the plaintiff and that

reserved by the defendants, and the case was merely one of willful encroachment by the defendants on that part of the plaintiff's space which his counter would occupy. In very similar cases it has been the practice of courts of equity to compel removal of the encroachments (*Kershishian v. Johnson,* 210 Mass. 135, 36 L. R. A., n. s. 402, and note) ; but it is not necessary to resort to the principles which they recognize. The defendants did not show prejudice to any substantial right, because nothing was presented for a jury to consider, if one had been called. Prejudice must result from procedural nonconformity in order to authorize reversal of a judgment. Paraphrasing the fourth paragraph of the syllabus of the opinion in *Jones v. Insurance Co.,* 83 Kan. 682, 112 Pac. 826, generally prejudice will be presumed from erroneous denial of an application for trial by jury, but the presumption is subject to the limitation that it must appear from the record there was a substantial controversy to be determined by a jury.

The defendants say that operation of plaintiff's meat market would violate rules regarding operation of a Piggly-Wiggly store, and so would violate the sublease. No rules for operation of a Piggly-Wiggly store are disclosed. If there be a rule forbidding connection between a meat market and a Piggly-Wiggly store, it is not a rule of operation in the sense of a sublease, and the defendants are estopped by the sublease and their representations from invoking it.

The defendants say the judgment is inequitable because it exposes them to forfeiture of their license from the Piggly-Wiggly corporation, and so will do more harm than good. The defendants created the predicament in which they find themselves, and have no merit of their own entitling them to invoke equity against fulfillment of their obligation. They do not exhibit to this court their contract with the Piggly-Wiggly corporation, and their status may wait until forfeiture of their license is threatened. Meanwhile, nothing short of the injunction granted can secure to the plaintiff the benefits of his contract, which are not measurable in damages.

The judgment of the district court is affirmed.