Nos. 40,659 and 40,783

STANDARD OIL COMPANY, a Corporation, *Appellee*, v. (WILLARD D. MENTZER, DORIS M. MENTZER, *Defendants*), J. W. CLEMENTS, *Appellant*.

(318 P. 2d 1023)

Opinion filed December 7, 1957.

W. H. *Coutts, Jr.*, of El Dorado, argued the cause, and W. H. *Coutts, III*, and *Walter J. Kennedy*, both of El Dorado, were with him on the briefs for the appellant.

*Ray H. Calihan, Jr.*, of Garden City, argued the cause, and *Logan N. Green, Daniel R. Hopkins*, and *Ray H. Calihan*, all of Garden City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: These appeals, consolidated by this court for purposes of argument and decision, stem from a single action. The action was commenced by the plaintiff, Standard Oil Company, on May 28, 1953, against three alleged makers of a promissory note, in the District Court of Kearny County. Service was obtained on only one of such makers, the defendant J. W. Clements. Plaintiff recovered judgment on the note against the defendant on March 12, 1956. No. 40,659 is an appeal from that judgment and other adverse rulings. No. 40,783 is an appeal from an order made by the trial court on March 4, 1957, entering judgment against defendant in the same case upon the answer of a garnishee and directing such garnishee to pay funds then in its hands to the district court to be applied for the benefit and to the credit of plaintiff. Disposition of the last appeal depends entirely upon a decision of the issues raised in No. 40,659, to which all subsequent factual statements will have reference.

Nothing would be gained by laboring a lengthy record respecting

what took place in this case from the date of its commencement in May of 1953 until February 6, 1956, when the trial court, on February 7, 1956, finally set it down for trial on March 12, 1956. It suffices to say that during that interim issues respecting liability were joined by the parties and defendant was represented by a competent firm of local attorneys who for almost three years, whether it was due to existing court conditions or their own efforts, were successful in postponing a date certain for a trial on the merits.

Shortly after it had been set down for trial, to be exact on February 13, 1956, counsel who had been representing defendant withdrew from the case. Thereafter, and on March 5, 1956, defendant retained W. H. Coutts, Jr., an attorney of El Dorado, Kansas, to represent him in the action. On March 7, 1956, Mr. Coutts caused a motion for continuance of the case, based on grounds of lack of time in which to prepare for trial, to be filed in the office of the clerk of the District Court. Subsequently, and on March 10, 1956, he caused a verified motion for a change of venue to be filed in the office of such clerk, based on grounds (1) that defendant could not have a fair and impartial trial in Kearny County and (2) that the district judge of such county had been of counsel in the case and was one of the attorneys of record representing the plaintiff when it was filed.

No action was taken on the foregoing motions until the day the case was set for trial (March 12, 1956). On that date the case was called for trial, the plaintiff appearing by its attorneys and the defendant making no appearance either in person or by attorney. Thereupon the duly elected, qualified and acting judge of such county gave consideration to and overruled defendant's motion for continuance. Next he gave consideration to defendant's motion for a change of venue and, after hearing arguments by plaintiff's counsel in opposition thereto, sustained such motion, stating in substance that he was of counsel at the time of the filing of the petition and on that account was disqualifying himself to sit as judge in the trial of the case.

The journal entry discloses that after ruling on the motions the judge of the district court found the situation existing was that contemplated by G. S. 1949, 20-305 and 306, and that thereupon, on motion of plaintiff's counsel, an election for a judge pro tem was held pursuant to such sections of the statute, under direction of such district judge resulting in the selection of Clyde P. Daniel, a

member of the Kansas Bar and a resident of Finney County, as judge pro tem to try the case. Subsequent proceedings in the case were had under the direction of such judge pro tem who rendered the judgment now before us.

An extended examination of the entire record leads to the inescapable conclusion that the salient question involved in this lawsuit, subject to appellate review since it was included in the motion for a new trial and specified as error, is one raised by appellant respecting the duty and obligation of a judge of the district court when he is confronted with a motion and/or application for a change of venue, filed pursuant to the provisions of G. S. 1949, 60-511, and is required to sustain that motion and disqualify himself from further participating in proceedings involved in the case because— as is here conceded—he had been of counsel in the case. For that reason we turn directly to such question and contentions advanced by the parties with respect thereto.

Appellant's position with respect to the question just raised is that under the factual situation there stated—and we may add as disclosed by the facts of this case—the duty and obligation of the district judge is two-fold. First, that he must disqualify himself, as the district judge did in this case, and, second, that he is then required to proceed further and either grant a change of venue or request some other district judge of the state to attend and sit as judge of the district court of the county where such case is pending, and try said case. Appellant further contends that failure on the part of the district judge to take such action with respect to his motion for a change of venue resulted in reversible error.

On the other hand appellee contends that, notwithstanding the provisions and requirements of 60-511, *supra,* the election of a judge pro tem by the Bar of the State present in the district court of Kearny County, under the direction of the district judge, was authorized under the provisions of 20-305 and 306, *supra,* and therefore proper. In addition appellee makes a further contention to which reference will be made later.

The contentions made by the parties require some reference, historical and otherwise, to the statutes in question.

So far as here pertinent, G. S. 1949, 60-511, on which appellant relies, reads:

"In all cases in any of the district courts of this state in which it shall be made to appear that a fair and impartial trial cannot be had in the county.

where the suit is pending, or when the judge is interested or has been of counsel in the case or subject matter thereof, or is related to either of the parties, or otherwise disqualified to sit, the court may, upon application of either party, change the place of trial to some county where the objection does not exist. In all cases where a change of venue is applied for on account of the disqualification of the judge, the court may request some other district judge of this state to attend and sit as judge of the district court of the county where such case is pending, and try said case, and the district judge so requested may attend and try said case at a regular, special, or adjourned term of the district court where said case is pending, and shall have all the powers connected with the trial and final disposition of such case of the regular judge of such district; . . ."

Except for minor changes in language of no importance the first sentence of the foregoing statute has been a part of the law of this state since 1870 (L. 1870, Ch. 87, Sec. 2). It may be stated that the 1870 enactment was amended to include in substance what now appears, in slightly different language, in the second sentence of 60-511, *supra*. See L. 1897, Ch. 108, Sec. 1.

From the above, although there was a subsequent amendment in 1901 (L. 1901, Ch. 277, Sec. 1) merely enlarging on language, not here important, used in the last prior amendment (L. 1897, Ch. 108, Sec. 1)', it may be said that for all purposes here involved the terms and provisions of 60-511, relating to change of venue in district courts, have been the same in this state since 1870.

The sections of the statute relied on by appellee read:

"A judge pro tem of the district court may be selected in the following cases: *First,* when the judge shall be sick or absent at the commencement of the term; *second,* when the judge shall be sick or absent himself during or at the close of any term before all the cases pending in the court at the commencement of the term shall have been reached for trial; *third,* when the judge is interested or has been of counsel in the case or subject matter thereof, or is related to either of the parties, or otherwise disqualified to sit: *Provided,* This act shall not apply to any case now pending.

"Such selection shall be made by the members of the bar of this state present, and shall be by ballot, under the direction of the judge, or, in his absence, of the clerk. Any member of the bar of this state, or the judge of any other judicial district of this state, may be selected as judge pro tem." (G. S. 1949, 20-305 and 306.)

Although 20-305 and 306 have been amended in minor particulars (L. 1901, Ch. 151, Sec. 1; L. 1933, Ch. 168, Sec. 1) resort to G. S. 1868, Ch. 28, Sections 4 and 5, makes it appear that statutory enactments similar, if not identical, in form, substance and import have been in force and effect in this jurisdiction since early statehood.

It may be conceded the foregoing statutes are overlapping and afford grounds for confusion among the bench and bar with respect to their application. Even so, having established that the statutes involved have been substantially in force and effect since 1870 and mindful that we are not here dealing with questions of discretion involved when a trial court has overruled a motion for a change of venue on the basis of controverted facts but where such a judge is concededly disqualified and has granted a motion based on the premise he had been of counsel in the case, we are convinced there is sound basis in our early decisions, and none to the contrary in subsequent cases, for holding that an election of a judge pro tem by the bar, under the existing conditions and circumstances, constituted reversible error.

Early in the history of this court, specifically at its July term in 1871, while dealing with the identical question here involved and the force and effect to be given statutes which, as we have heretofore indicated were of like import, in *Kansas Pac. Ry. Co. v. Reynolds,* 8 Kan. (Second Edition) 623, we held:

"When the district judge is disqualified to sit in the trial of any case, it is his duty upon the application of either party to change the place of trial to some county where such objection does not exist." (Syl. ¶ 1.)

and, with Justice Brewer speaking for the Court, said:

"*Second.* It is urged that section 4, c. 28, Gen. St., provides for the election of a judge *pro tem.* when the regular judge is interested or has been of counsel; that this section has not been repealed; and that, though the law of 1870 be a subsequent enactment, yet a fair construction, seeking to harmonize both, and to give effect to each, would leave it discretionary with the judge whether to change the place of trial, or order the election of a judge *pro tem.* The two sections are materially different, and provide for distinct contingencies. The law of 1870 operates only upon the application of one of the parties. The provisions of the general statute are vitalized by the mere disqualification of the judge. When a case is for trial, if the judge has been of counsel and neither party moves in the matter, he orders the election of a judge *pro tem.*, under section 4, c. 28, *above cited. If, however, either party desires, he may apply under the law of 1870, and by that is entitled to a change of the place of trial. The two acts harmonized do not vest a discretion in the judge, but grant a right to the parties. It is not left with him, but with them, to decide whether to proceed under a judge *pro tem.*, or to take a transfer. The law of 1870 thus adds a condition which is not in the General Statutes. It is not harmonizing, it is legislating, to ignore this condition, and then leave to an officer the choice as to which statute he will act under, especially when such choice might materially affect the rights of a party.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

".  .  . We see the hardship which may result in some cases, and think the rule ought to be, as the district judge held it to be, that the court

should have a discretion whether to change the place of trial or order the election of a judge *pro tem.* But we must take the law as we find it. We must ascertain and declare the legislative will as recorded, and if the rule that body has established be a harsh one, it alone has the power to alter it." (pp. 629, 630 & 631.)

We subscribe and adhere to what is said and held in the foregoing case. Moreover, we hold that such decision is to be regarded as controlling the rights of the parties here involved on the all decisive question now under consideration and requires a conclusion that the district court erred, after granting the motion for a change of venue as filed by appellant, in failing to either grant him a change of venue or if he did not think the conditions warranted, as we are perfectly willing to concede, in failing to appoint some other district judge of the state to attend and sit as judge of the district court of Kearny County where his case was pending. This we believe is so, even though it may be suggested, that the last sentence of what is now 60-511 was not in our statute at the time of our decision in *Kansas Pac. Ry. Co. v. Reynolds,* supra. Under the rule of that case the very most that can be said for such addition to the statute is that after its enactment the judge of a district court, when confronted with an application for change of venue on the ground, subsequently conceded, that he had been of counsel in the case, has the option, upon the sustaining of such an application, of either granting a change of venue or requesting some other district judge of this state to attend and sit as judge of the district court of the county where said case is pending.

Additional support for the conclusion just announced appears in our decision of *City of Leavenworth v. Asphalt Co.,* 101 Kan. 82, 165 Pac. 824, where it is held:

"Where the judge of the district court has been of counsel in the case or subject matter thereof he is disqualified to sit, and it is error to refuse to grant a change of venue as provided in section 57 of the civil code (Gen. Stat. 1915, § 6947)." (Syl.)

and said:

"In the present case it appears beyond question that the judge of the district court had been at one time the counsel and attorney of the city in relation to the subject matter of the controversy, and the defendants have not, therefore, had a trial before a judge qualified to sit in the case, as the statute declares they are entitled to have before a valid judgment can be entered against them." (p. 86.)

In an effort to forestall the force and effect of the conclusions

heretofore announced appellee contends that by reason of the provisions of G. S. 1949, 60-3317 the error in failing to comply with the requirements of 60-511 must be disregarded as a technical error and irregularity which does not affirmatively appear to have prejudicially affected the substantial rights of the appellant. We are not disposed to labor this contention. A careful analysis of what is said and held in the decisions to which we have heretofore referred convinces us that under the confronting facts and circumstances this contention lacks merit and cannot be upheld. This we may add is so, notwithstanding *Jones v. Insurance Co.*, 83 Kan. 682, 112 Pac. 826, relied on by appellant as sustaining its position on this point. Assuming, without deciding, such decision is not subject to criticism, for failure to give full force and effect to a statute which this court has construed as giving litigants a right which, when applied for, they are entitled to have before a valid judgment can be entered against them, we believe it is clearly distinguishable. There it is held in effect that a district judge who is interested in a case, but otherwise qualified, may erroneously deny an application for a change of venue, based on grounds of financial interest, and proceed with the trial of the case as if he were in every respect competent, and, if he succeeds in trying such case without error, the judgment must be affirmed. Here the district judge before whom the case was pending had sustained a motion for a change of venue and disqualified himself. Thereafter such case was tried by a judge pro tem who had been erroneously selected under an inapplicable statute (20-305 and 306) and by reason of the mandatory requirements of 60-511 had no power or authority to try the cause or render judgment therein.

In conclusion it should be stated we have not overlooked but disregarded appellee's motion to strike certain matters from appellant's abstract and brief which were no part of the record in the proceedings below. Our action in that regard is due to the fact no consideration has been given to such matters in reaching a decision in this case. It in no sense indicates condonation of the practice complained of.

What has been heretofore stated and held requires (1) that the judgment rendered by the judge pro tem in No. 40,659 be vacated and set aside; that the appellant be granted a new trial; and that, having granted the application for change of venue, the judge of

the district court of Kearny County be directed to take further action with respect to such motion under the provisions of 60-511 in accord with views expressed in the opinion and (2) that the judgment in No. 40,783 be vacated and set aside.

It is so ordered.